CASE 60—PETITION ORDINARY—DECEMBER 3.

## Greer v. City of Covington.

APPEAL FROM KENTON CIRCUIT COURT.

1. THE LEGISLATURE MAY AUTHORIZE A CITY TO COLLECT TAXES BY SUIT; and where this remedy is given, it will not be held to exclude a summary mode of collection already provided by statute, nor will it be limited to cases in which the summary mode may have proved ineffectual, unless the statute so provides.

2. A PERSONAL JUDGMENT BEARING INTEREST from its date may be rendered against the tax-payer, where a suit for the collection of taxes, in addition to the summary mode of collection by distraint, is authorized by statute.

3. PLEADING WANT OF INFORMATION.—A plea by the defendant that "he has no information sufficient to form a belief" as to whether certain ordinances were ever published "as required by law" is but a statement of his want of information as to the law, and is not good.

4. AMENDMENT OF PLEADINGS.—The only limitation upon the discretion of the court in allowing amended pleadings to be filed is that they must be in furtherance of justice, and must not change substantially the claim or defense.

Greer v. City of Covington.

A demurrer to the petition being sustained, the court did not abuse its discretion in allowing an amended petition to be filed, although an answer and reply had been filed.

5. OVERRULED CASE.—The manuscript opinion, in ·the case of City of Covington v. People's Building Association, September 30, 1882, in so far as it is in conflict with this, is overruled.

A. G. SIMRALL FOR APPELLANT.

M'KEE AND FINNELL FOR APPELLEE.
   Record and briefs misplaced.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The principal question presented by this appeal is, whether the appellee, the City of Covington, can maintain a suit against the appellant, A. L. Greer, for the municipal taxes of several years owing by him, and which annually amounted to over one hundred dollars, and had been due for more than six months before the bringing of the action.

The city charter of March 2, 1850, provides, that if a person's taxes are not paid by a certain time, that the city treasurer shall indorse the tax bills "delinquent," and return them to the city clerk, who shall add thereto fifteen per centum, and then deliver them to the city collector, who may at once proceed to collect them by distraint.

The seventh section of an act of the Legislature of March 6, 1876 (Acts 1876, volume 2, page 32), amendatory of the charter, provides:

"Whenever the annual or revenue taxes assessed against any person, or against joint owners, or any corporation or partnership, shall amount to one hundred dollars or over, and shall have been due and unpaid for more than six months, said city council may cause the same to be sued for in the name of

the city of Covington, in the circuit court, and this
shall apply to taxes now due as well as those that
may hereafter become due, and whether said amount
shall accrue from one assessment or successive assess-
ments. Said city shall have the power in such cases
to sue for and collect its taxes and enforce its lien."'

It is urged that the lower court should not have
entertained jurisdiction of the cause. It is a well-
settled general principle, that when a statute gives
a right, and also provides a specific and adequate
remedy for its enforcement, and it appears with
reasonable certainty that the Legislature intended
it as the only one, that then a resort to any other
mode of enforcing the right is forbidden by impli-
cation.

Cases may, perhaps, arise of such a peculiar char-
acter, and in which the prescribed remedy may
prove ineffectual, that a resort may be had to judi-
cial proceedings; but if the necessity does not exist,
then the particular remedy furnished by the statute
must be held to exclude all others; and this is
upon the ground that such was the legislative
intent.

If a municipal corporation has been given a
speedy and adequate remedy for the collection of
its taxes (as did the charter in this instance, by
distraint), there is no reason or necessity, even if
it were permissible, to imply the existence of any
other remedy, or to allow it to sue for them.

We are aware that it has been held by some
courts that a tax, when legally assessed, creates
an obligation upon which the municipality may

.sue *in assumpsit;* and may do so, although a summary mode for its collection may have been provided by statute.

It is unnecessary, however, to consider the correctness of this position, because in this instance the Legislature has not only provided a summary way, but has also by subsequent legislation expressly .authorized its recovery by suit; and without any conditions, save that the annual tax due must amount to one hundred dollars or over, and have been due for over six months.. It has not seen fit to provide that the latter remedy can be adopted only when the other has proven futile.

The assessment or collection of taxes is not an inherent power of the judiciary. It is not a tax gatherer. Both public policy and private right so dictate. If the means provided by the law-making power are insufficient, then resort must be had to amended legislation.

This seems to be the rule as declared by the Supreme Court of the United States, and adopted by this court.

It is not our province, however, to discuss the policy of legislation; and we also recognize the rule that the judiciary may be called upon to act in a judicial way in the collection of taxes, when the law so provides.

Says Mr. Cooley:

"What method shall be devised for the collection of a tax the Legislature must determine, subject only to such rules, limitations, and restraints as the Constitution of the State may have imposed;" and

he enumerates, among other methods, "suit at law ;
*    *    imposition of penalties for non-payment."
(Cooley's Constitutional Limitations, page 645.)

But a question similar to this, but relating to
the charter and rights of another municipality, has
already been before this court. Prior to and on
March 3, 1876, the charter of the city of Louisville
provided for distraint for taxes due to it; but the
Legislature, by the sixth section of an act of that
date, and which is substantially equivalent to the
section *supra* of the act relating to the appellee,
gave to the city of Louisville the right to sue for
unpaid taxes; and its constitutionality was affirmed
in the case of Ormsby, &c., v. City of Louisville,
79 Ky., 197.

The act of March 6, 1876, does not render nuga-
tory the collecting power or mode which its charter
had already conferred upon the appellee. The Legis-
lature has seen fit to also give it, as an additional
remedy, the right to sue for unpaid taxes without
limiting it to cases where the mode already in exist-
ence might prove ineffectual. The two laws are *in
pari materia*, and are to be considered together, as
if they were one law.

The collection of taxes, when made in the usual
mode, is an executive duty; but a court may be
empowered to do in a judicial way what the execu-
tive branch of the government might have done. It
matters not whether a tax be a debt or a duty, it
is an obligation of the individual to the government,
and a judgment, to be enforced by the executive,
may be rendered in favor of the government as well
as an individual, because it is equally a judicial act.

It is urged that a *personal* judgment, bearing *interest* from its date, was improperly rendered, and. that if this were allowable, that then its enforcement by execution would reduce the right of the· tax-payer to redeem his property from three years; as given by the charter, to the one year allowed by the general law for the redemption of land when sold under execution, and that as the judgment did not fix the amount of taxes due upon each piece of property, and subject it separately to them, but aggregated the entire taxes owing by the appellant, that, therefore, the defendant, in case of a sale, will be at a loss to know how to redeem.

We have already said that the suit was authorized, and a fair construction of the act authorized the court to render a personal judgment, which, by the general law, bears interest from its rendition. It is said that the only purpose of authorizing suit. was to permit the enforcement of the tax lien, and. that this is all that the act authorizes. If this be· so, then it was useless, because the already existing· law permitted this to be done summarily by distraint, and it is not to be presumed that the additional legislation was in vain. The question is not now presented whether, in case of a sale under execution, the tax-payer would be entitled to one or three years· within which to redeem; but whether it be one or the other, it is a right which the Legislature may regulate as it pleases; and by section 7, article 12, chapter 38, of the General Statutes, a defendant has, a right to direct the order of sale under execution. of his several lots of real estate, and we, therefore,.

fail to see in what way the appellant's right to re-deem would be prejudiced.

The lower court did not err in striking out the amended answer. The city charter did not require the city council to designate each year what property should be assessed for taxation; and the statement that the defendant "has no information sufficient to found a belief upon that any of the ordinances mentioned in plaintiff's amended petition were ever published *as required by law*," is but a statement of the party's want of information of the law.

The third paragraph of it is but the statement of a legal conclusion, and the city charter did not require the council to approve the assessment of property.

The counsel for the appellant erroneously supposes that the lower court struck out both the answer and amended answer. This it did not do, but properly, as we think, sustained the demurrer to the fifth, sixth, eighth, ninth, tenth, fifteenth and seventeenth paragraphs of the original answer.

The demurrer to the petition having been sustained, and leave given to amend, the appellee, at the same term of the court, was allowed to file an amended petition, although an answer and reply had then been filed; and of this the appellant complains. The Legislature has wisely given to the trial court a broad discretion as to permitting amendments in order that it may arrive at the justice of a cause and act upon the merits.

The only limitation upon this discretion is, that the amendment must be in furtherance of justice,

and must not change substantially the claim or defense. (Civil Code, section 134.)

It is impossible to establish a rule as to what shall constitute a sound or legal discretion in the matter, as we are now asked to do, because the varying circumstances of each case necessarily enter into the question whenever it arises.

The justice of the judgment below is manifest; and as we perceive no error requiring its reversal, it is affirmed.

The manuscript opinion of this court in the case of the City of Covington v. The People's Building Association, September 30, 1882, so far as it is in conflict herewith, is overruled.