## Funeral Benefit Department of Junior Order of United American Mechanics v. Ringo.

(Decided October 18, 1910.)

### Appeal from Menifee Circuit Court.

Fraternal Orders—Forfeiture of Right to Benefits In.—Where the by-laws of an order provide that the widow of a member shall not be entitled to death benefits if his death was caused or produced by the use of intoxicating liquors, this by-law of the order may be pleaded as a defense to an action against it to recover benefits.

JAMES H. WILLIAMS, SMITH W. BENNETT and PATTERSON A. REECE for appellant.

OSBON, CAUDEL & DAY for appellee.

Opinion of the Court by Judge Carroll—Reversing.

The appellee, as the widow of Thomas Ringo, brought this action against the appellant to recover $250, alleging that she was entitled to the same under a certificate issued to her husband by the appellant.

The exhibits filed with the petition show that the deceased at the time of his death was in good standing in the order, but that the claim was disallowed because his death was due to the intemperate use of intoxicating liquors.

The appellant, defendant below, filed an answer, but on its motion the answer was withdrawn and it was allowed to file an amended answer. On January 20th, 1910, it filed in the clerk's office its amended answer, and on March 30, 1910, it was filed of record.

The amended answer in the first paragraph denied that the deceased at the time of his death was in good standing in the order, or entitled to sick or funeral benefits; but did not state facts showing that he was not in good standing. In the second paragraph it set up in detail the organization of the order, and that the right of the deceased to benefits was fixed by the rules and regulations of the order, among which was one providing in substance that a member of the order should not be entitled to benefits whose disability or death was caused by the intemperate use of intoxicating liquor, and it asserted that as Ringo came to his death from the use of intoxicating liquor he was not entitled to benefits.

A jury was empanelled to try the issue made, and after some evidence had been heard the court on motion of counsel for the plaintiff instructed the jury to return a verdict for the plaintiff upon the ground that no answer had been filed for the "National Council of the Junior Order of United American Mechanics," putting in issue the averments of the petition. The case was not practiced well for the defendant, and the record is confused upon the question whether the pleadings should run in the name of the "National Council of Junior Order of United American Mechanics," or in the name of the "Funeral Benefit Department of the National Council Junior Order of United American Mechanics." The original petition was brought against the "Funeral Benefit Department of Junior Order of United American Mechanics," but an amended petition was filed setting

out that the true name of the defendant was the "National Council Junior Order United American Mechanics," and it was made defendant and judgment prayed against it; while the amended answer was filed in the name of the "Funeral Benefit Department of Junior Order United American Mechanics."

The lower court evidently sustained the plaintiff's motion to direct a verdict for her upon the ground that the amended answer was filed by the "Funeral Benefit Department of the Junior Order United American Mechanics" and not by the "National Council Junior Order of United American Mechanics." We think, however, that the answer, although filed in the name of "Funeral Benefit Department of the Junior Order of United American Mechanics" should be taken as the answer of the "National Council of Junior Order of United American Mechanics," as it appears that the Funeral Benefit Department of this order was the department against which the claim asserted was presented and the department by which the claim if allowed should be paid.

The amended answer, although it runs in the name of the "Funeral Benefit Department of the Junior Order United American Mechanics," was manifestly intended to be and did present a defense on behalf of the "National Council of Junior Order of United American Mechanics" as well as on behalf of the "Funeral Benefit Department" of this organization. Looking at it in this way, the answer although it contains a great deal of irrelevant matter, set up a defense in charging that the deceased came to his death from the use of intoxicating liquors; and upon this defense alone the society was entitled to a trial.

Wherefore judgment is reversed, with directions for a new trial in conformity with this opinion.