# Junior Order United American Mechanics v. Ringo.

(Decided February 6, 1912.)

## Appeal from Menefee Circuit Court.

Former Appeal—Law of Case—Burden of Proof.—The opinion on the former appeal is the law of the case, and it having been then determined that there was but one issue in the case, and that the burden of proof on this issue was on the defendant, the Circuit Court properly so held on the second trial of the case under the same pleadings.

PATTERSON A. REECE, JAS. H. WILLIAMS and SMITH W. BENNETT for appellant.

OSBON, CAUDELL & DAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The facts of this controversy are stated in the opinion delivered on the former appeal. (See Funeral Benefit Dept. of Junior Order American Mechanics v. Ringo, 131 S. W., 2.) On the return of the case to the circuit court it was tried again, the trial resulting in a verdict and judgment in favor of the plaintiff. The defendant appeals.

It is insisted that the court erred in putting the burden of proof in the action upon the defendant. In the former opinion it was held that the denial in the answer that the deceased at the time of his death was in good standing or entitled to sick benefits was not sufficient under the allegations of the petition as it did not state facts showing that he was not in good standing. It was also held that although the answer contained a great deal of irrelevant matter it set up a defense in that it charged that the deceased came to his death from the use of intoxicants, and upon this defense alone the society was entitled to a trial. The opinion then delivered is the law of the case, and under this view of the law the circuit court properly held that the burden of proof in the action was on the defendant. Its only defense under the former opinion was that the deceased was not entitled to the benefits sued for because of his use of intoxicants. This was an affirmative defense and the burden was upon the defendant to sustain it.

It is also insisted that the court erred in instructing

the jury. The court gave the jury the instruction directed by this court in the former opinion. It properly refused to give the jury any other instruction as there was but one question under that opinion to be submitted to the jury. Not only so but if the instructions asked by the defendant had been given as to the rules of the order, such instructions would in no manner have elucidated the real issue to be tried and could have had no real effect on the result.

The verdict of the jury is not palpably against the evidence, and can not be disturbed on this ground.

Judgment affirmed.