## Connecticut Fire Insurance Company v. Hardin.

(Decided February 9, 1916.)

### Appeal from Boyd Circuit Court.

Continuance—Discretion.—A motion for a continuance is addressed to the sound discretion of the trial court, and unless it appears that it abused its discretion, its action will not be disturbed.

L. T. EVERETT, L. F. ZERFOSS and J. M. LASSING for appellant.

JOHN L. SMITH and GEORGE B. MARTIN for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This suit was filed on the 10th day of April, 1914, and summons was served on the Insurance Commissioner on the 4th day of May, 1914. No steps looking to a trial were had at the June term of the circuit court, but on

November 12, 1914, the appellant filed its answer. The case was set for trial for the 27th day of November. When it was called for trial, the appellee announced ready for trial, but the appellant announced that it was not ready and moved the court to continue the case on account of the absence and illness of one of its witnesses, Harry G. Marcum. At this calling the appellant was not required to present any grounds for a continuance by affidavit, but the case was continued upon its motion and its statement that it was not ready for trial because of the absence of Marcum. The continuance of the case was had after the issues had all been made up, and the continuance was to the March term of the circuit court. On the 27th day of February the appellant caused a subpoena to be issued to Boyd county for Harry G. Marcum and Maude Marcum, two of its witnesses, and probably others. Maude Marcum was not in the county at the time the subpoena was issued, having left the county and departed out of the State on the 10th day of January, previous thereto, but the subpoena was served upon Harry G. Marcum. When the case was called for trial on March 17, the appellee again announced ready for trial, when the appellant asked for another continuance of the case on account of the absence of one of its attorneys, and the court thereupon set the case over until the 24th day of March for trial. At the calling of the case for trial on the 24th, the appellee again announced ready for trial, when the appellant announced not ready and moved the court to continue the case until the next term of the court on account of the absence of Harry G. Marcum and Maude Marcum, and in support of its motion filed its affidavit setting out a statement of the facts which it could prove by the two absent witnesses, and other facts upon which it based its motion for a continuance. On the 17th day of March, at the continuance of the case at that time, Harry G. Marcum did not appear and the appellant procured an attachment to be issued for him, which was returned without being executed upon the witness. On the 24th day of March, when the continuance was again asked, the court required the appellee to consent that the affidavit should be read as the deposition of the two witnesses, Harry G. Marcum and Maude Marcum, or else a continuance of the case would be granted. The appellee consented to the reading of the affidavit as the

deposition of the two witnesses, and thereupon the court overruled the appellants' motion for a continuance, and a trial being had, it resulted in a verdict of the jury in favor of the appellee and a judgment of the court was rendered accordingly. The appellant's motion and grounds for a new trial being overruled, it seeks a reversal of the judgment upon the sole ground that the court erred to its prejudice in overruling its motion for a continuance. The appellant did not file with its affidavit any statement of its attorneys that the testimony of the two witnesses was important, or that the just and proper effect of their testimony could not in a reasonable degree be obtained without an oral examination of them in court. The affidavit on file fails to show any diligence in obtaining the testimony of Maude Marcum, as she had been absent from the State and county before a subpoena was issued for her to that county for forty-seven days, and the affidavit does not disclose any want of knowledge upon the part of the appellant as to her whereabouts.

Section 315, Civil Code, provides that when a motion to postpone a trial on account of the absence of a witness is made, and the party moving for the continuance has filed his affidavit showing the materiality of the evidence expected to be obtained from such witness, and that due diligence has been used to obtain it, and the facts which the party could prove by such witness, and then if the adverse party will consent that on the trial the affidavit shall be read as the deposition of the absent witness, "the trial shall not be postponed on account of his absence."

The motion for a continuance is always addressed to the sound discretion of the trial court, and unless such discretion has been abused, the action of the court will not be disturbed. McClurg v. Igleheart, 17 R., 913, 33 S. W., 80. It has oftentimes been held that the refusal to grant a continuance on account of the absence of a witness, when a statement of the facts which the absent witness would prove is admitted in evidence, is not an abuse of the discretion of the trial court. Hutton v. First National Bank, 20 R., 225, 45 S. W., 668; M. & L. R. R. Co. v. Herrick, 13 Bush, 122; L. H. & St. L. Ry. Co. v. Wilson's Extr., 152 Ky., 657, 161 S. W., 517; Independent Life Insurance Co. v. Williamson, 152 Ky.,

821; Louisville Ry: Co. v. Bryant, 142 Ky.. 159, 134 S. W. 182, and many others.

An examination of the record and grounds for a continuance fails to lead to the conclusion that the trial court abused its discretion in denying the continuance; and the judgment is affirmed.