## United Equipment Company v. D. T. Bohon Company.

(Decided February 6, 1925.)

### Appeal from Mercer Circuit Court.

1. Contracts—Findings as to whether Specifications Constituted Part of Contract and Contents Thereof Held Not Flagrantly Against Evidence.—Findings as to whether specifications were attached to and constituted part of contract for installation of sprinkler system, and as to contents of such specifications, held not flagrantly against evidence.

2. Appeal and Error—Determination on Prior Appeal is Law of Case and Binding on Parties whether Right or Wrong.—Determination on prior appeal is law of case whether right or wrong, and binding on parties on second trial.

3. Contracts—Provision of Contract for Installation of Sprinkler System Relative to Furnishing Materials Construed.—Contract for installation of sprinkler system which required second party, owners of plant, to furnish necessary materials when required, held not to require it to heat particular building for maintenance therein of wet pipe system; provision being obviously pertinent only to installation, and not to maintenance.

4. Appeal and Error—Where Entire Contract Before Court for Construction on Prior Appeal, Litigant on Second Appeal May Not Rely on Construction of Particular Provision Not Raised in First Instance.—Where entire contract has been before court for construction on prior appeal, all of questions of interpretation for

or against either party are deemed to have been presented at first hearing and become res adjudicata or law of case for future trials, and litigant may not on second trial rely on particular construction of provision not considered on first trial.

ALLAN D. COLE, H. W. COLE and GREEN & WEBB for appellant.

C. E. RANKIN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case, the opinion in the first one being reported in 203 Ky. 527, to which reference is made for the cause of action and the facts as well as the relief sought by both parties. The executed contract for the installation by appellant, who was the defendant below, of a sprinkling system in plaintiff's plant at Harrodsburg, Kentucky, referred to *specifications* as a part of it and stated that they were attached thereto. They designated the various buildings of the plant that were to be installed with wet pipes and dry pipes in the completed sprinkling system contracted for, and where wet pipes were provided it was stipulated in the specifications that plaintiff would equip that particular building with sufficient heat after the completion of the system to prevent freezing of the water in the constructed wet pipes therein. It was also provided in the contract that the system when completed was to be approved by the Kentucky Actuarial Bureau before settlement was made with defendant as per its terms. Among the buildings provided for the equipment of wet pipes in the *specifications* was a blacksmith shop, which was a large space with sheet iron walls and no ceiling, making it extremely costly and difficult to heat. When the representative of the actuarial bureau inspected the work for approval or disapproval, he declined to approve it with the wet pipe in the blacksmith's shop, unless plaintiff would install and maintain sufficient heat therein to prevent the freezing of the water in the pipes, which it refused to do upon the ground that it had not agreed to do so. Defendant insisted that such agreement was contained in the *specification,* but plaintiff replied that the latter, although stated in the contract as attached thereto was not so attached when the contract was signed, and that if they bound plaintiff to provide heat for the maintenance of the system in the blacksmith's shop, it

was so included therein by the fraud of the defendant or by the mutual mistake of the parties.

In the former opinion the judgment in favor of plaintiff was reversed because of the admission of incompetent evidence and erroneous instructions given to the jury by the court, and upon a second trial the court was directed to submit to the jury only the above two issues, i. e., whether the stipulations were attached to the contract at the time it was executed by plaintiff; and if so to find for it, unless the provisions for the maintenance of heat in the blacksmith's shop were inserted therein by the fraud of defendant, or the mutual mistake of the parties. Upon a second trial the court submitted those two issues exactly as directed in that opinion. The evidence on that trial was, in substance, the same that was heard on the first trial, some of which was read from the stenographer's transcript of the testimony on the first trial, and that which was not so read but was reintroduced on the last trial was in all material respects the same as that heard on the first one. The jury returned a verdict in favor of plaintiff and disallowed defendant's counterclaim, which it was compelled to do if the two submitted issues, or either of them, were properly found in favor of plaintiff.

On this appeal from the judgment in favor of plaintiff at the second trial, it is insisted by defendant (1), that the verdict was flagrantly against the evidence; (2), that the court misinstructed the jury, and (3), that a provision in the signed *contract,* independently of what might be contained in the *specifications,* required plaintiff to furnish the heat in the blacksmith's shop and for that reason a peremptory instruction should have been given for defendant, leaving only the question of the amount of its damages to be determined by the jury. We will dispose of those contentions in the order named.

1. We are unable to agree with learned counsel that the verdict of the jury was flagrantly against the evidence upon the submitted issues. The two Bohons testified positively that no specifications were attached to the contract at the time it was executed by plaintiff, but that some days or weeks thereafter they were mailed to it and placed with the contract without being read, and that testimony was denied only by the single representative of defendant who negotiated and completed the contract. Upon the other issue, of fraud or mistake, as to the contents of the specifications, there was no evidence that the

general provision as to the furnishing of heat in buildings installed with wet pipes was changed or altered in any manner, but there was evidence that the provision whereby the blacksmith's shop was to be installed with wet pipes had been changed or altered after the execution of the contract, although the testimony preponderated to the contrary. If that was done, then the substance of the alteration or mutual mistake directed by us in the first opinion to be submitted to the jury, was done at the last trial, since, if by such alteration or mistake, the blacksmith's shop was listed as a wet pipe equipped building, when at the time of the contract no such provision was contained in the specifications, then the obligation on the part of plaintiff to maintain heat in that building was brought about in such manner as to excuse plaintiff from that burden, as was held in the first opinion. We must, therefore, deny this ground.

2. In disposing of ground (2), we need not consider as an original proposition the propriety or impropriety of the instructions given at the last trial, since the first opinion so directing is the law of the case and right or wrong it was binding upon the parties upon that trial. That rule has been consistently applied by this court in a long line of opinions, the latest of which is Graziani's Executrix v. Ambrose, 201 Ky. 466, in which the opinion refers to and cites many prior ones of this court.

3. The contract as signed (and without reference to the specifications) contained this clause: "Any labor or materials required for the work, but not specifically described herein, shall be furnished by second party at second party's expense as and when required by first party; otherwise first party at its option, may furnish the same at market prices, and this expense, together with any other expense resulting to it by delay, shall be additional to the contract price, and be paid for by second party on demand of the first party;" and it is strenuously insisted on this appeal that it required plaintiff to furnish the heat for the *maintenance* of the wet pipe in the blacksmith's shop and that, independently of the specifications, it was obligated to do so and that the court should have sustained the offered peremptory instruction in favor of defendant. But, according to our view, two sufficient answers may be made to that contention. One is, that the clause evidently refers to work pertaining to and connected with the *installation* of the sprinkling system and not to its *maintenance* thereafter.

The other one is, that if it did refer to the maintenance of the system after its construction, the former opinion was an adjudication to the contrary and defendant cannot now rely on it. The entire contract was before this court on the first appeal for the interpretation of the rights of the parties thereunder, and all questions of interpretation in favor of or against the one or the other parties were presented at the first hearing and, although they may not have been urged *seriatim,* yet, under the familiar rule that questions presented, but not argued, or which could have been presented or argued at the first hearing become *res adjudicata* thereafter, or become the law of the case for future trials, we are compelled to hold that it is now too late for defendant to rely upon the quoted provision of the contract even if, as stated, its true construction or interpretation was as it now contends, but which as we have seen is incorrect.

Necessarily, this court in its first opinion had before it for interpretation the *contract* (without the specifications) and all parts thereof, and it was held that neither it nor any part of it without such specifications, obligated plaintiff to furnish heat for the maintenance of the wet pipe in the blacksmith's shop. The conclusion expressed therein could not have been reached without such interpretation.

We, therefore, conclude that the last trial was conducted as directed in the former opinion, which directions became the law of the case and by which defendant is bound, regardless of whether they were right or wrong, and there being no error authorizing a reversal of the judgment, it is affirmed.