## Vanhoose v. Chesapeake & Ohio Railway Company.

(Decided May 18, 1926.)

### Appeal from Pike Circuit Court.

1. Appeal and Error—Opinion on former appeal, whether right or wrong, is binding alike on parties and courts.

2. Master and Servant—Where no Violation of Federal Statute Contributed to Injury, Law of Assumed Risk is Same Under State Law or Federal Employers' Liability Act (U. S. Comp. St., Sections 8657-8665).—Where no violation by railroad of any federal statute enacted for safety of employees contributed to employee's injury, law of assumed risk is same whether latter's action be brought under common law of state or under federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665).

3. Appeal and Error—Where Evidence was Same, Ruling on Former Appeal that Plaintiff Assumed Risk Under State Law Held Law of the Case, on Subsequent Trial, Under Federal Employers' Liability Act (U. S. Comp. St., Sections 8657-8665).—Where evidence at two trials of employee's personal injury action against railroad was substantially the same, ruling on former appeal that plaintiff assumed risk under common law of state held to be law of the case, on subsequent trial, under federal Employers 'Liability Act (U. S. Comp. St., sections 8657-8665).

STATON & KEESEE and THOMAS WEST for appellant.

KIRK, KIRK & WELLS, STRATTON & STEPHENSON and BROWNING & REED for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Dan J. Vanhoose sued the Chesapeake & Ohio Railway Company for damages for the loss of a leg alleged to have been caused by the negligence of the company in failing to furnish him a reasonably safe place to work. A motion to require him to elect whether he would prosecute the suit under the state law or under the Federal Employers' Liability Act was sustained, and he elected to proceed under the state law. .

A trial before a jury resulted in a verdict and judgment for $12,500.00. On appeal it was held that, as the evidence clearly showed that appellant knew the conditions under which he was attempting to work and appreciated the danger, he assumed the risk, and the trial court erred in not directing a verdict for the company. Chesapeake & Ohio Railway Co. v. Vanhoose, 208 Ky. 117, 270 S. W. 740.

On the return of the case appellant was permitted to file an amended petition pleading in substance that on the occasion of the accident the railway company was engaged and he was employed in interstate commerce. The case then went to trial and at the conclusion of appellant's evidence the court directed a verdict in favor of the railway company. The propriety of this ruling is challenged by the appeal.

It is not, and can not be, claimed that there is any substantial difference in the evidence heard on the two trials. Appellant's chief contention is that the ruling on the first appeal was manifestly and palpably erroneous, and therefore should not be followed. While there is authority for this position, it does not accord with the rule prevailing in this state. Here the opinion on a former appeal, whether right or wrong, is binding alike on the parties and the courts, and a decision on a former appeal that a verdict should have been directed for defendant is the law of the case at a subsequent trial where the evidence is substantially the same as that heard on the first trial. Chesapeake & Ohio Railway Co. v. Pack, 204 Ky. 9, 263 S. W. 354; Louisville & N. R. Co. v. Hyatt's Admr., 194 Ky. 694, 240 S. W. 397.

But it is insisted that the former opinion is not the law of the case because the first trial was under the state law while the second trial was under the Federal Employers' Liability Act. Doubtless a case might arise where the law would not be the same, but this case is not of that kind. It is not claimed that the violation by the company of any federal statute enacted for the safety of employees contributed to appellant's injury, and, with that exception, the law of assumed risk is the same whether the action arise under the common law of the state or under the federal statute. Seaboard Air Line Railway Co. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. ed. 1062, L. R. A. 1915C 1, Ann. Cas. 1915B 475; Helm v. Cin., N. O. & T. P. Railway Co., 156 Ky. 240, 160 S. W.

945. Hence, the evidence on the two trials being substantially the same, the ruling on the former appeal that appellant assumed the risk under the common law of this state was the law of the case on the subsequent trial under the Federal Employers' Liability Act. It follows that the directed verdict was proper.

Judgment affirmed.