## Culton v. Napier et al.

(Decided March 8, 1932.)

684

CLEON K. CALVERT, J. G. BRUCE, M. C. BEGLEY and WM. LEWIS, for appellant.

J. M. MUNCY for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This is a second appeal of this case. Culton v. Couch, 230 Ky. 586, 20 S. W. (2d) 451. On October 15, 1908, George W. Bramblett filed an action in equity against John Couch and the appellees herein, Napiers and Sizemore. The appellant herein on February 13, 1909, filed his answer setting up his title to one-half the land described and praying that his title be quieted. The appellees, Napiers and Sizemore, filed their answer and made it a cross-petition against the appellant, Culton, alleging that they owned the land described therein and prayed judgment for the boundary respectively claimed by them. On February 15, 1911, a judgment was entered by which the land claimed by appellant herein was divided between him and Couch, a certain boundary of it was adjudged to the appellant and another boundary to Couch. Conveyances were accordingly made by the commissioner. The original action then went to sleep, until January 19, 1927, when the appellant filed his answer to the cross-petition of the Napiers and Sizemore, denying their title to the land claimed by them, and controverting all the allegations of their pleadings. On March 24, 1927, a judgment was entered dismissing Bramblett's petition with costs, and adjudging to Culton the tract of land conveyed to him as above stated, but provided that, in so far as it interfered with the tracts claimed by the Napiers and Sizemore, they were the owners of the land to the extent of the interference of Culton's. Culton appealed from the judgment. The judgment was reversed, with directions.

On a return of the case to the circuit court, the appellant filed in the circuit clerk's office the mandate of this court, with a notice executed on the appellees, on

January rule day, the 6th day of January, 1930. On the 3d day of the regular March term of the Leslie circuit court, which was the 20th day of March, 1930, he filed the mandate and notice in open court. On the 9th day of the regular August term, the 29th day of August, 1930, he entered a motion to submit the case for trial and judgment. The appellees objected, and entered their motion, supported by affidavits, to continue the case. On the 12th day of the August term, the 30th day of August, 1930, the appellant again entered his motion to submit for trial and judgment, to which the appellees objected and again entered their motion, supported by affidavits, for a continuance. On the 30th day of the August term, which was the first day of September, 1930, the appellees renewed their motion for a continuance, supported by affidavits. Without acting on the appellant's motion to submit or the appellees' to continue, the court permitted the case without an order to pass to the October, 1930, term. On the 9th day of October, 1930, the appellees proceeded to take depositions. On December 1, 1930, they filed in the office of the clerk of the circuit court amended answers which were indorsed filed by the clerk of the court. On the convening of court thereafter, the appellant entered a motion, supported by affidavit, to strike their amended answers, which was overruled. The appellant retained of record proper exceptions to the rulings of the court indicated above. On the court's overruling his motion to strike the amended answers, he filed a reply to each of the appellees' amended answers; also entered a motion to set aside the order of submission and asked for time to prepare the case for trial on the issues raised by the amended answers and the reply. Whereupon, without acting on his motion, by written opinion, the court directed a judgment to be entered decreeing the appellees were the owners of the land in controversy.

When our opinion was written on the former appeal as a gratuitous suggestion to the trial court, we made this statement:

"On a return of the case the appellees, Napiers and Sizemore, will be allowed to file their title papers, if any they have, and will be given sixty days to take their proof. Culton will be given 20 days to take his proof, and ten days will be allowed for rebuttal evidence.

"The court on motion of either party will order a survey of the land so that on final judgment the land that each of them is entitled to may be properly defined in the judgment."

By the use of this language it was not intended by this court, and it was not the effect of such language, to deprive the parties of their rights under section 134 of the Civil Code of Practice, nor to deny the trial court his power of discretion given by this section to permit the filing of amended pleadings by either party in furtherance of justice and on such terms as was proper in his discretion. The discretion remained in the trial court by virtue of the Code to permit either party to amend his pleading in furtherance of justice.

The excerpt from the opinion of this court did not have the effect of denying the parties the privilege of amending their respective pleadings, if in the discretion of the trial court it was deemed proper in furtherance of justice. The language of the opinion was merely directory, and its use was induced by the fact the case had been pending during an unreasonable period of time. With few exceptions, the action of the trial court in permitting or rejecting the amendments to pleadings will be approved. Greer v. City of Covington, 83 Ky. 410, 2 S. W. 323; Louisville & N. R. R. Co. v. Pointer, 113 Ky. 952, 69 S. W. 1108, 24 Ky. Law Rep. 772; Stewart v. Stovall, 202 Ky. 367, 259 S. W. 721; Palmer v. Smith, 204 Ky. 82, 263 S. W. 773. It was not an abuse of sound discretion to grant to the appellees a reasonable time in which to prepare for trial (Crane v. Hall, 165 Ky. 827, 178 S. W. 1096; Connecticut Fire Ins. Co. v. Hardin, 168 Ky. 377, 182 S. W. 204; Vincennes Bridge Co. v. Poulus, 228 Ky. 446, 15 S. W. (2d) 271) nor was it an abuse of discretion to permit the amended answers to be filed, Louisville & N. R. R. Co. v. Tuggle's Adm'r, 151 Ky. 404, 152 S. W. 270. The prevailing rule is in all matters directly and indirectly relating to or affecting the issues presented in the pleadings on which a judgment was rendered, or issues which might have been determined on the pleadings, the opinion of this court in every case is the law of the case. United Equipment Co. v. Bohon, 207 Ky. 193, 268 S. W. 1076; Rammage v. Kendall, 183 Ky. 434, 207 S. W. 690; United Talking Machine Co. v. Metcalfe, 174 Ky. 132, 191 S. W. 881; Junior Order, Etc. v. Ringo, 146 Ky. 602, 143 S. W. 22; Landers v. Tracy,

171 Ky. 657, 188 S. W. 763; Graziani v. Ambrose, 201 Ky. 466, 257 S. W. 21. An opinion on the pleadings as presented on a former appeal, whether right or wrong, is binding alike on all parties and courts. Vanhoose v. C. & O. R. R. Co., 214 Ky. 594, 283 S. W. 953; Robinson v. C. & O. R. R. Co., 227 Ky. 458, 13 S. W. (2d) 500. Also it has often been held by this court that, on a return of a case from this court to the circuit court, where the court does not direct a certain judgment, the circuit court has the same power to permit amended pleadings to be filed that it had before the reversal of the judgment. Fugate v. Gill, 99 S. W. 602, 30 Ky. Law Rep. 731; Robinson v. Smithey, 80 Ky. 636; Hill v. Thixton, 13 Ky. Law Rep. 333. A different rule prevails if this court orders the entry of a certain judgment. In such event no further pleading to avoid a mandate can be filed except such as would justify a review of the judgment. Denny v. Wickliffe, 1 Metc. 216; Western Bank v. Coldeway's Ex'r, 94 S. W. 1, 29 Ky. Law Rep. 651.

While the language of the opinion of this court carried the clause we have quoted, it also stated: "Judgment reversed and action remanded for further proceedings consistent with this opinion," which necessarily means: "And as authorized by the provisions of the Civil Code." In Sailsberry v. Sailsberry, 140 Ky. 731, 131 S. W. 802, 804, this court remanded the case "for further proceedings consistent herewith."

On a return of the case an amended pleading was offered, alleging facts necessary to a complete determination of the issues, which facts had not been previously alleged nor shown by the proof. They appeared for the first time in the amended answer and counterclaim. We held that the court should have allowed the amended answer and counterclaim to be filed, and reversed the judgment, with directions that on a return of the case the circuit court would allow it to be filed.

Applying the prevailing rules in such cases, we cannot say that the trial court committed a reversible error when continuing the case or allowing the amended answers to be filed, notwithstanding the suggestion in our former opinion.

Section 367a-5, Civil Code of Practice provides:

"Suits in equity shall stand for trial at the first term of court after the issue shall be completed or,

by the provisions of this act, shall have been completed, thirty days before the commencement of the term."

Section 367a-11 provides, in part, as follows:

"In equity actions each pleading, subsequent to the answer, shall be filed not less than three days after the filing of the pleading to which it is responsive. The court may, in its discretion, allow a pleading to be filed after it is due under the provisions of this act."

When the court ruled the appellees were entitled to file their amended answers, the appellant filed his reply within three days thereafter, or within the time authorized by the Code. At the time the court rendered judgment, the issues formed by the pleadings of the parties had not been completed thirty days before the commencement of the term within the provisions of section 367a-5 supra. At the time the court rendered the judgment on the pleadings and the proof in behalf of the appellees without an opportunity to the appellant to offer evidence on the issues formed by the pleadings, the actions did not stand for trial under the Code provisions, supra. Riley v. Riley, 233 Ky. 134, 25 S. W. (2d) 59; Wakenva Coal Co. v. Johnson, 234 Ky. 558, 28 S. W. (2d) 737.

For this reason the judgment is reversed without an expression of opinion on the issues made by the pleadings, with permission to the appellant, if he desires, to prepare the case for trial on the issues as made by the amended answers and the replies thereto, and for the proceeding consistent with this opinion.