## Walters v. Godsey et al.

(Decided Nov. 15, 1932.)

ROY HELM and WOOTTON, HELM & WOOTON for appellant.
W. C. EVERSOLE for appellee Godsey.
CRAFT & STANFILL for appellee Gross.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

A reversal of a judgment of the Perry circuit court is sought on the ground that the action was prematurely submitted. W. M. Walters, the appellant, was the owner of six acres of land situated in Perry county, Ky. An execution was issued by the clerk of the Perry circuit court on a judgment in favor of Bob Godsey and against him for a debt of $54.24 and $17.25 costs, amounting to $71.41; directed to the sheriff of Perry county for collection. The sheriff levied it on the appellant's six acres of land, advertised and sold it to pay the debt and costs, when it was purchased by E. L. Godsey for the sum of $71.49. It was appraised before the sale by the appraisers appointed by the sheriff at $200; therefore, the purchase price was less than two-thirds of its appraised value. This fact under section 1684, Ky. Stats., entitled him to redeem the land within one year from the date of the sale, by paying the purchaser or his representative the original purchase price and 10 per cent. per annum interest thereon. On the 5th day of February, 1931, within twelve months of the date of the sale, Walters filed this action in equity against E. L. Godsey and the sheriff of Perry county, in which he alleged that he was a bona fide housekeeper with a family, residing on, occupying, and claiming the land as a homestead, and that it was worth less than $500. He also alleged that he was able, ready, and willing to pay E. L. Godsey the full amount of the sale bond which he had executed, with interest, penalty, and costs. He

tendered therein to Godsey and paid to the clerk of the court the sum of $71.59. Before the expiration of the year in which he was entitled to redeem the land, the sheriff executed and delivered to Godsey, the purchaser, a deed conveying it to him. In his petition Walters sought to have it set aside and canceled.

A special term of the Perry circuit court was being held on the 7th day of February, 1931, when Godsey filed in open court his answer and counterclaim. On the 16th day of February, 1931, judgment was entered decreeing valid the deed of the sheriff to E. L. Godsey, and that he was by virtue thereof the owner of the land.

On the 20th day of February, Walters entered a motion to set aside this judgment. His motion was sustained. When tendering in his petition the amount Walters conceived to be the correct one to entitle him to redeem the land, he tendered $7.16 less than the amount he should have tendered under the Statutes. He was permitted to tender the $7.16 and to amend his petition, in which he alleged that by oversight and mistake he had failed to tender the $7.16 when he tendered the $71.59. E. L. Godsey by answer filed May 28, 1931, traversed the amended petition. On that day judgment was entered again decreeing Godsey to be the owner of the land and awarding a writ of possession. Walters entered a motion to vacate the judgment, as authorized by section 519, Civil Code of Practice. The motion to set it aside was predicated on the ground that it was prematurely entered, or a clerical misprision under subsection 3 of section 518, Civil Code of Practice. The regular June term, 1931, of the Perry circuit court, convened the 8th day of June, second Monday, and on Wednesday, June 10, 1931, the motion was entered to set aside the judgment entered on the 28th day of May at the special term of the court. The court overruled his motion, from this order this appeal is prosecuted.

A mere recitation of the proceedings is sufficient to show the error of the court in overruling Walter's motion to vacate the judgment entered at the special May term. This was an action in equity. Issues of fact were presented by the pleadings. Section 367a-5, Civil Code of Practice, provides that:

"Suits in equity shall stand for trial at the first term of court after the issue shall be completed or, by the provisions of this act, shall have been com-

pleted, thirty days before the commencement of the term.''

Godsey's answer to the amended petition was filed on the day the action was submitted and judgment rendered. The submission and the trial of the action under these circumstances were premature. Two issues were presented by the pleadings: First, the right of homestead of Walters; second, his failure by oversight or mistake to tender the $7.16 at the time he tendered the $71.56. At the time the court rendered judgment no opportunity had been afforded him to offer evidence on the issues formed by the pleadings. Under the circumstances the action of the court in so rendering judgment was prejudicial error for which the judgment must be reversed. Thomas v. Aldridge, 241 Ky. 1, 43 S. W. (2d) 179; Culton v. Napier, 242 Ky. 683, 47 S. W. (2d) 519. The case of Culton v. Napier et al. was appealed from the Thirty-Third judicial district, composed of Perry and Leslie counties. It is fair to say that slight familiarity with, and observance by the court of, the provisions of the code would avoid appeals in such cases, and the expense to the litigants as well as the occupying of the time of this court. The appellant was entitled to a trial of his right to a homestead and of the issue as to the mistake in tendering the correct amount in order to entitle him to redeem the land. The judgment of the court denied him a trial of these issues.

For this reason the judgment is reversed for proceedings consistent with this opinion.