RENDERED: APRIL 14, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1307-MR

KKR & CO., INC. (FORMERLY KKR
& CO., L.P.; GEORGE ROBERTS;
GIRISH REDDY; HENRY KRAVIS;
JANE BUCHAN; PAAMCO PRISMA,
LLC (FORMERLY PACIFIC
ALTERNATIVE ASSET
MANAGEMENT COMPANY, LLC);
AND PRISMA CAPITAL PARTNERS                     CROSS-APPELLANTS
LP


                    CROSS-APPEAL FROM FRANKLIN CIRCUIT COURT
v.                  HONORABLE PHILLIP J. SHEPHERD, JUDGE
                            ACTION NO. 17-CI-01348


JEFFREY C. MAYBERRY; ALISA
BENNETT; ASHLEY HALL-NAGY;
BLACKSTONE ALTERNATIVE
ASSET MANAGEMENT; BOBBIE D.
HENSON; BOBBY ESTES; BRENT
ALDRIDGE; CAVANAUGH
MACDONALD CONSULTING, LLC;
COMMONWEALTH OF KENTUCKY;
DAVID PEDEN; HON. BRANDY O.
BROWN; ICE MILLER, LLP; J.
TOMILSON HILL; JACOB WALSON;
JANE BUCHAN; JENNIFER ELLIOT;
JIM VOYTKO; MARTHA M.
MILLER; R.V. KUHNS &

ASSOCIATES, INC.; RANDY
OVERSTREET; REBECCA A.
GRATSINGER; STEVE ROBERTS;
STEVEN A. SCHWARZMAN; T.J.
CARLSON; TERESA M. STEWART;
THE BLACKSTONE GROUP L.P.;
THOMAS CAVANAUGH; THOMAS
ELLIOT; TIA TAYLOR; TIMOTHY
LONGMEYER; TODD GREEN;
VINCE LANG; WILLIAM A.
THIELEN; AND WILLIAM COOK                    CROSS-APPELLEES

AND


NO. 2021-CA-1312-MR


THE BLACKSTONE GROUP INC.
(FORMERLY THE BLACKSTONE
GROUP L.P.); BLACKSTONE
ALTERNATIVE ASSET
MANAGEMENT L.P.; J. TOMILSON              CROSS-APPELLANTS
HILL; AND STEVEN A.
SCHWARZMAN


                CROSS-APPEAL FROM FRANKLIN CIRCUIT COURT
v.              HONORABLE PHILLIP J. SHEPHERD, JUDGE
                ACTION NO. 17-CI-01348


JEFFREY C. MAYBERRY; ALISA
BENNETT; ASHLEY HALL-NAGY;
BOBBIE D. HENSON; BOBBY
ESTES; BRANDY O. BROWN;
BRENT ALDRIDGE; CAVANAUGH
MACDONALD CONSULTING, LLC;
COMMONWEALTH OF KENTUCKY;

DAVID PEDEN; GEORGE ROBERTS;
GIRISH REDDY; HENRY KRAVIS;
ICE MILLER, LLP; JACOB WALSON;
JANE BUCHAN; JENNIFER ELLIOT;
JIM VOYTKO; KKR & CO., INC.;
KKR & CO., INC. (FORMERLY KKR
& CO., L.P.); MARTHA M. MILLER;
PAAMCO PRISMA, LLC
(FORMERLY PACIFIC
ALTERNATIVE ASSET
MANAGEMENT COMPANY, LLC);
PRISMA CAPITAL PARTNERS LP;
R.V. KUHNS & ASSOCIATES, INC.;
RANDY OVERSTREET; REBECCA
A. GRATSINGER; STEVE ROBERTS;
T.J. CARLSON; TERESA M.
STEWART; THOMAS CAVANAUGH;
THOMAS ELLIOT; TIA TAYLOR;
TIMOTHY LONGMEYER; TODD
GREEN; VINCE LANG; WILLIAM A.
THIELEN; AND WILLIAM COOK          CROSS-APPELLEES

AND

NO. 2021-CA-1313-MR

R.V. KUHNS & ASSOCIATES, INC.;
JIM VOYTKO; AND REBECCA A.
GRATSINGER                         CROSS-APPELLANTS


                CROSS-APPEAL FROM FRANKLIN CIRCUIT COURT
v.              HONORABLE PHILLIP J. SHEPHERD, JUDGE
                ACTION NO. 17-CI-01348

-3-

JEFFREY C. MAYBERRY; ALISA
BENNETT; ASHLEY HALL-NAGY;
BLACKSTONE ALTERNATIVE
ASSET MANAGEMENT; BOBBIE D.
HENSON; BOBBY ESTES; BRANDY
O. BROWN; BRENT ALDRIDGE;
CAVANAUGH MACDONALD
CONSULTING, LLC;
COMMONWEALTH OF KENTUCKY;
DAVID PEDEN; GEORGE ROBERTS;
GIRISH REDDY; HENRY KRAVIS;
ICE MILLER, LLP; J. TOMILSON
HILL; JACOB WALSON; JANE
BUCHAN; JENNIFER ELLIOT; KKR
& CO., INC.; KKR & CO., INC.
(FORMERLY KKR & CO., L.P.);
MARTHA M. MILLER; PAAMCO
PRISMA, LLC (FORMERLY PACIFIC
ALTERNATIVE ASSET
MANAGEMENT COMPANY, LLC);
PRISMA CAPITAL PARTNERS LP;
RANDY OVERSTREET; STEVE
ROBERTS; STEVEN A.
SCHWARZMAN; T.J. CARLSON;
TERESA M. STEWART; THE
BLACKSTONE GROUP L.P.;
THOMAS CAVANAUGH; THOMAS
ELLIOT; TIA TAYLOR; TIMOTHY
LONGMEYER; TODD GREEN;
VINCE LANG; WILLIAM A.
THIELEN; AND WILLIAM COOK                    CROSS-APPELLEES


OPINION
AFFIRMING IN PART AND
VACATING IN PART

** ** ** ** **

-4-

BEFORE:  CETRULO, DIXON, AND TAYLOR, JUDGES.

DIXON, JUDGE:  KKR & Co., Inc.; George Roberts; Girish Reddy; Henry Kravis; Jane Buchan; PAAMCO Prisma, LLC (formerly Pacific Alternative Asset Management Company, LLC); Prisma Capital Partners LP; the Blackstone Group L.P.; Blackstone Alternative Asset Management; J. Tomilson Hill; Steven A. Schwarzman; R.V. Kuhns & Associates, Inc.; Jim Voytko; and Rebecca A. Gratsinger cross-appeal from the orders of the Franklin Circuit Court entered on December 28, 2020, and June 14, 2021, deemed final and appealable by order entered on September 21, 2021.  Following a careful review of the record, briefs, and law, we affirm in part and vacate in part.

## FACTS AND PROCEDURAL BACKGROUND

This action began in late 2017 when eight members of the Kentucky Public Pension Authority's ("KPPA")[1] defined-benefit retirement plan brought claims for alleged funding losses sustained by the plan against certain former KPPA trustees and officers, as well as private investment advisors and hedge funds and their principals.  Plaintiffs provided the Attorney General of Kentucky[2] ("OAG") an advance copy of their complaint, but he declined to join the suit.  In

---

[1]  Formerly known as the "Kentucky Retirement System."

[2]  Governor Andy Beshear was Attorney General at that time.

early 2018, the complaint was amended to include an additional defendant, bringing the number to 32, including KPPA as a nominal defendant.

Shortly after the complaint was amended, half the defendants moved the trial court to dismiss the action for lack of standing. Other defendants also moved the trial court to dismiss the action, asserting a variety of defenses. The trial court found Plaintiffs had standing and denied all motions to dismiss, except that of the Government Finance Officers Association on other grounds.

The KPPA trustee and officer defendants filed interlocutory appeals challenging the trial court's rulings on standing and sovereign immunity, and the Supreme Court of Kentucky accepted transfer of those appeals and consolidated them in *Overstreet v. Mayberry*, 603 S.W.3d 244 (Ky. 2020).[3] The Supreme Court found "Plaintiffs lack an injury in fact sufficient to support constitutional standing" and dismissed the case without reaching the immunity issue. *Id.* at 251. It concluded its opinion, rendered July 9, 2020, stating:

> Ultimately, this Court recognizes that Plaintiffs allege significant misconduct, but, as a matter of law, these eight Plaintiffs, as beneficiaries of a defined-benefit plan who have received all of their vested benefits so far and are legally entitled to receive their benefits for the rest of their lives, do not have a concrete stake in this case. And without a concrete stake in the case, the Plaintiffs lack constitutional standing to bring their claims in our courts.

---

[3] Other defendants sought writs of prohibition from the Kentucky Court of Appeals, which were consolidated into what was referred to as the "Writ Case" and later found moot by the Supreme Court in *Overstreet*. *Id.* at 251.

> We remand this case to the circuit court with direction to dismiss the complaint.

*Id*. at 266. The opinion did not become final until July 30, 2020.

On July 20, 2020, pursuant to CR[4] 24, the OAG[5] moved the trial court to intervene on behalf of the Commonwealth of Kentucky. Defendants objected to the OAG's intervention, and the trial court did not immediately decide whether to allow same.

On July 29, 2020, the plaintiffs moved the trial court for leave to file a second amended complaint. The proposed modifications to the complaint were made by the plaintiffs in an attempt to acquire the constitutional standing the Supreme Court found lacking. In addition to more claims and a new defendant, the proposed second amended complaint sought to add three plaintiffs – the "Tier 3" plaintiffs – who enrolled in KPPA after January 1, 2014, claiming they were not enrolled in a defined-benefit plan and their benefits were not protected by an inviolable-contract statutory provision. Again, the trial court did not immediately decide whether to allow the complaint to be amended.

Meanwhile, the OAG filed a separate action – Franklin Circuit Court Civil Action No. 20-CI-00590 – which the trial court sua sponte consolidated with

---

[4] Kentucky Rules of Civil Procedure.

[5] By this time, Daniel Cameron had been elected Attorney General.

this case on August 5, 2020. On August 13, 2020, a group of defendants objected to further proceedings and moved the trial court to enforce the Supreme Court's mandate in *Overstreet* – by dismissing the complaint – and to vacate its consolidation order, which would effectively end litigation in this case. Following oral argument on August 24, 2020, the trial court vacated its August 5, 2020, order consolidating the two cases.

On December 28, 2020, the trial court addressed the pending intervention motion and motion to file an amended complaint. It entered an order which allowed the OAG to intervene, but dismissed the plaintiffs' complaint and motion to file a second amended complaint.

Three days later, in another effort to obtain constitutional standing, the three Tier 3 plaintiffs moved the trial court for leave to file a third amended complaint, which did not include the original plaintiffs but did contain additional revisions.

About one month later, the Tier 3 plaintiffs moved to intervene and tendered a proposed intervening complaint in a last-ditch effort to insert themselves back into this case. Naturally, the defendants objected to the intervention. On June 14, 2021, the trial court entered an order denying the Tier 3

plaintiffs' motions to intervene and to file a third amended complaint.[6]  Thus, the

only remaining plaintiff in this circuit court action is the OAG.

On September 21, 2021, the trial court entered an order deeming its

orders entered on December 28, 2020, and June 14, 2021, final and appealable.[7]

Plaintiffs appealed but later voluntarily dismissed their appeal.  Defendants cross-

appealed, and their combined appeals are now before us.

## LEGAL ANALYSIS

These cross-appeals consist of two over-arching arguments:  (1) the

trial court exceeded the Supreme Court's mandate, and (2) the trial court lacked

subject-matter jurisdiction to adjudicate any motions for relief.

Concerning the first issue, the mandate rule, a tenet of the law-of-the-

case doctrine, dictates that trial courts are bound by opinions of the Supreme Court

and are, therefore, required to follow its mandate.  Thus, the mandate rule

"provides that on remand from a higher court a lower court must obey and give

effect to the higher court's express or necessarily implied holdings and

instructions."  *Brown v. Commonwealth*, 313 S.W.3d 577, 610 (Ky. 2010)

(citations omitted).  In addition to serving litigants' interests in finality, the

---

[6]  On August 31, 2021, five original plaintiffs and a new Tier 3 plaintiff moved the trial court to intervene.

[7]  This order also denied the intervention motion of the original and Tier 3 plaintiffs.

mandate rule serves "the equally important interest courts have in judicial economy[] by preventing the drain on judicial resources that would result if previous decisions were routinely subject to reconsideration." *Id*. "In a subsequent appeal following remand, this Court's role is limited to whether the trial court properly construed and applied the mandate." *James v. James*, 636 S.W.3d 549, 554 (Ky. App. 2021) (citations omitted).

There are two types of mandates: limited and general. *See Monroe v. FTS USA, LLC*, 17 F.4th 664, 669 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 1232, 212 L. Ed. 2d 236 (2022). Limited mandates direct the lower court to do a specific action, such as require the dismissal of a complaint, as occurred herein. *See Hutson v. Commonwealth*, 215 S.W.3d 708, 713-14 (Ky. App. 2006). "**With such a mandate, the trial court's authority is _only_ broad enough to carry out that specific direction**." *Id*. at 714 (emphasis added).

General mandates, however, give the lower court broader discretion as to how to proceed. They may, for example, include wording such as, "this case is remanded with instructions to conduct further proceedings not inconsistent with this opinion" or similar language. *Id*.

Here, the Supreme Court mandated that since Plaintiffs did not have standing, the complaint must be dismissed. Ultimately, the trial court complied with this directive and dismissed the complaint; however, the trial court exceeded

its authority when it entertained various motions to amend and to intervene, and more specifically by permitting the OAG to intervene.[8]

It has often been held "where the court does not direct a certain judgment, the circuit court has the same power to permit amended pleadings to be filed that it had before the reversal of the judgment." *Culton v. Napier*, 242 Ky. 683, 687, 47 S.W.2d 519, 521 (1932). **_But_**, "[a] different rule prevails if [an appellate] court orders the entry of a certain judgment. In such event no further pleading to avoid a mandate can be filed except such as would justify a review of the judgment." *Id*.

It is also well-established, "**[t]he circuit court has not power _after_ an interlocutory decree made or directed by the mandate of this court to admit new parties to make the same defen[s]e, or to allow the same parties to introduce another defen[s]e existing before the first decree**." *Kennedy's Heirs v. Meredith*, 20 Ky. (T.B. Mon.) 409, 411 (1827) (emphasis added). That is precisely what the plaintiffs attempted to do in the case herein, and it is simply impermissible.

Accordingly, while the trial court did not err in dismissing the complaint, it did err in entertaining and ruling upon the motions to amend and

---

[8] In fact, had the circuit court not permitted the OAG to intervene all issues raised would be moot.

intervene as same exceeded its authority on remand in view of the Supreme Court's limited mandate. Therefore, while we must affirm the dismissal of the complaint, we are equally obligated to vacate the orders resulting from the trial court's actions taken outside its authority on remand.[9]

Further, the cross-appellants' second contention of error that the trial court lacked subject-matter jurisdiction to adjudicate any motions for relief is essentially moot. Because "[t]he scope of a lower court's authority on remand of a case is not measured in terms of its jurisdiction, but by the direction or discretion contained in the appellate court's mandate," we need not discuss this second argument as the result remains the same. *Hutson*, 215 S.W.3d at 713-14.

## CONCLUSION

Therefore, and for the foregoing reasons, the orders entered by the Franklin Circuit Court are AFFIRMED in part, as they relate to the dismissal of the *Overstreet* plaintiffs' claims, and VACATED in part, as they purport to grant or deny motions – including but not limited to those to amend and intervene – made after the Court's opinion in *Overstreet*.

ALL CONCUR.

---

[9] We note that this Opinion has no effect on the OAG's separate case, Franklin Circuit Court, Civil Action No. 20-CI-00590, as it was unconsolidated from the case herein by order entered August 26, 2020, and remains active and pending.

BRIEFS FOR CROSS-APPELLANTS
PRISMA CAPITAL PARTNERS,
L.P.; GIRISH REDDY; PACIFIC
ALTERNATIVE ASSET
MANAGEMENT COMPANY, LLC;
AND JANE BUCHAN:

Barbara Edelman
Grahmn Morgan
John M. Spires
Seth T. Church
Lexington, Kentucky

Michael J. Garvey
Peter E. Kazanoff
David Elbaum
Sarah A. Ricciardi
New York, New York

BRIEFS FOR CROSS-APPELLANTS
R.V. KUHNS & ASSOCIATES, INC.;
JIM VOYTOKO; AND REBECCA A.
GRATSINGER:

Philip Collier
Thad M. Barnes
Jeffrey S. Moad
Louisville, Kentucky

Robin E. McGuffin
Lexington, Kentucky

BRIEFS FOR CROSS-APPELLANTS
BLACKSTONE ALTERNATIVE
ASSET MANAGEMENT L.P.; THE
BLACKSTONE GROUP L.P.;
STEVEN A. SCHWARZMAN; AND
J. TOMILSON HILL:

BRIEF FOR CROSS-APPELLEE
THE COMMONWEALTH OF
KENTUCKY:

Daniel Cameron
Attorney General of Kentucky

Victor B. Maddox
Deputy Attorney General

Brett R. Nolan
Principal Deputy Solicitor General

Daniel J. Grabowski
Alexander Y. Magera
Assistant Solicitors General

Aaron J. Silletto
Assistant Attorney General
Frankfort, Kentucky

Donald J. Kelly
Jordan M. White
Louisville, Kentucky

Brad S. Karp
Lorin L. Reisner
Andrew J. Ehrlich
Brette Tannenbaum
David P. Friedman[10]
New York, New York

BRIEFS FOR CROSS-
APPELLANTS, KKR & CO., INC.;
HENRY KRAVIS; AND GEORGE
ROBERTS:

Barbara Edelman
Grahmn Morgan
John M. Spires
Seth T. Church
Lexington, Kentucky

Barry Barnett
Abigail Noebels
Ryan Weiss
Houston, Texas

Steven Shepherd
New York, New York

---

[10] Mr. Friedman's name does not appear on the briefs for the cross-appeals. He was admitted *pro hac vice* via separate order entered on March 13, 2023.