## Louisville Railway Co. v. Bryant, et al.

(Decided February 9, 1911.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Continuance—Motion Therefor—Affidavit Filed—Discretion of Court.—An affidavit filed in support of a motion for a continuance because of the absence of a witness, must show, first, the exercise of due diligence to procure the witness' attendance; second, what the absent witness, if present, would swear to, and third that the affiant believes it to be true. When an affidavit meeting these requirements is filed it is the duty of the court to grant a continuance, unless opposing counsel consent that the affidavit be read as the deposition of the absent witness. When such consent is given the matter rests in the sound discretion of the court as to whether or not the continuance will be granted; and unless it clearly appears that his discretion has been abused the rulings of the trial court will not be disturbed upon appeal.

2. Negligent Operation of Street Car—Instructions to Jury.—Where a recovery is sought for injury received due to the negligent operation of a street car, it is not error for the court to instruct the jury that, in approaching a public crossing where the presence of pedestrians might be expected, it was the duty of the motorman to keep a lookout.

3. Same.—Where an instruction is asked upon a given point and refused, if the same idea is presented in an instruction given, no ground of complaint is afforded.

4.   Excessive Verdict.—A verdict, though large, or even excessive, will not be set aside upon that ground alone, unless it is made to appear that it could not have been founded upon the evidence, and must be the result of either caprice, passion or prejudice.

FAIRLEIGH, STRAUS & FAIRLEIGH, and HOWARD B. LEE for appellant.

DAVID W. BAIRD, POPHAM, WEBSTER & TRUSTY, and KOHN, BAIRD, SLOSS & KOHN for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This is an appeal from the judgment of the Jefferson circuit court, awarding Jesse English Bryant, a boy four years old, $11,000 in damages for injuries received by him in being negligently run over by one of appellant's cars. The accident occurred on the morning of June 14th, 1909, while appellee was attempting to cross from the south side of Broadway, at its intersection with Seventh street, to the north side.

According to appellee's testimony, an eastbound car was approaching the crossing on Broadway, and a north-bound car was approaching on Seventh street. The Seventh-street car stopped to permit the Broadway car to pass, and its motorman signalled the motorman of the Broadway car to go ahead. Having been given the right of way by the Seventh street car, the Broadway car passed over both the west and east crossing of Seventh street without slackening its speed, and, as appellee was attempting to cross the street on the east crossing, he was run down and injured. His right leg was so mangled and mashed from the foot up that it had to be amputated half way between the knee and hip. His arm was lacerated, and his back and head bruised. The injury to his arm resulted in an enlargement of the ulna; and this injury the doctor testified, is probably permanent. Appellee's testimony tended to show that the rate of speed at which this car was traveling at the time it passed over Seventh street was excessive, that no signal of the car's approach to this crossing was given, and that the motorman, at the time he was crossing over Seventh street, was looking in the direction of the Seventh stret car instead of ahead of him.

Appellant's theory is that appellee ran into the side of the car as it was passing over the crossing, and fell under the car, and was run over by the hind trucks there-

of; that, at the time, the car was proceeding slowly and with due care and that the motorman could not by any possibility have avoided injuring appellee.

Each theory was presented to the jury under proper instructions. The jury accepted the theory of appellee as to how the accident occurred; and, from a careful consideration of the evidence, we are constrained to say that the weight thereof supports the finding of the jury.

Three grounds are relied upon for reversal: First, that appellant should have been granted a continuance in order to secure the personal attendance of the motorman who was in charge of the car at the time the accident occurred; second, that the court erred in instructing the jury; and, third, that the damages are excessive.

Section 315, Civil Code, regulates the procedure where a continuance is sought because of the absence of a witness. To justify or support the motion, it must be made to appear that the evidence is material and believed by affiant to be true. What is expected to be proven must be set out, and the party seeking the postponement must show diligence in his efforts to procure the attendance of the witness. The facts in this case scarcely bring it within the requirements of the rule. The suit was filed in July, 1909, and no steps were taken by appellant to secure the attendance of the witness until February 28, 1910, about fifteen days before the case was to be called for trial. Defendant, all the time from July 24th, 1909, when it was served with summons, though knowing the importance of the testimony of this witness, had permitted him to leave its employ and leave the State without having a subpoena issued for him or attempting to have him served with one. In fact, from the affidavit it appears that they had paid no attention to him or his whereabouts, and did not know that he had left the State until about February 28th. This conduct on the part of appellant can scarcely be treated as the exercise of due diligence on its part. But the court gave appellant the benefit of the doubt upon this point, and permitted the statement in the affidavit as to what the absent witness would say to be read to the jury as his deposition; and this was all that appellant was entitled to under the Code provision and the repeated provisions of this court. Hutton v. First National Bank, 20 Rep., 225; M. & L. R. R. Co. v. Herrick, 13 Bush, 122. An application for a continuance is always addressed to the sound discretion

of the court, and unless it is made clearly to appear that this discretion has been abused, the ruling of the trial court will not be disturbed where he has permitted the affidavit offered in support of the motion for a continuance to be read as a deposition. McClurg v. Igleheart, 17 Rep., 913.

The objection to the instructions is, that so much of instruction No. 1 as told the jury that it was the duty of defendant's motorman to keep a lookout ahead for persons or vehicles on the track, and that if he failed to keep such lookout, and by reason thereof plaintiff was injured, they should find for him, was unauthorized under the pleadings and proof in this case. We can not agree with this contention for the two-fold reason: First, because, in defining the duties of a motorman in approaching a public crossing where persons, adults as well as children, might reasonably be expected to be, it was the duty of the court under the repeated decisions of this court, to include among the duties of the motorman that of keeping a lookout. The law requires this of him, and the court would have fallen short of his duty if he had failed to instruct the jury upon this point. And second, because so much of the instruction given as is objected to was asked for by defendant in the instructions which it asked and the court refused to give. It is well settled that where an instruction is asked for, and the same idea is embraced in an instruction given, no ground of complaint is afforded. The instruction as given presented the law of the case, as warranted by the pleadings and proof, and were as favorable to the defendant as it was entitled to have them.

The real complaint of appellant is that the verdict is grossly excessive. It is large, but, under the circumstances, we are not prepared to say that it is excessive. Appellee is left a cripple for life, and while, as argued, he may take and die of any of the diseases to which children are subject, it is equally true that he may live a long life, and suffer and be inconvenienced because of the negligence of appellant. His sphere of activity has been very much circumscribed. He must make his living by the exercise of his mental powers rather than by manual labor. With one leg gone and an elbow enlarged, his prospects for making much of a success in life are, to say the least, not flattering.

In Louisville & Nashville R. R. Co. v. Popp, 96 Ky., 99, a recovery of $10,000 for the loss of a leg was upheld

by this court. In that case the injured boy was under eight years of age. In Chesapeake & Ohio R. R. Co. v. Davis, 22 Ky. Law Rep., 1156, a recovery of $10,000 for the loss of one foot by a nine year old boy was sustained. In Louisville & Nashville R. R. Co. v. Mitchell, 87 Ky., 327, a recovery of $10,000 as compensation was upheld in favor of a brakeman who had lost a foot above the ankle. And in South Covington & Cincinnati Street Ry. Co. v. Weber, 26 R., 922, a verdict of $10,000 in favor of a girl four and a half years old, for the loss of one arm and an injury to the hand of the other arm, was upheld. In these cases, and many others to which reference might be made, the court might have been of opinion that the verdict was large, or even excessive, but as said in the case of Louisville & Atlantic R. R. Co. v. Cox's Admr., 125 S. W., 1056:

"It being peculiarly the province of the jury to fix the amount, their finding should never be disturbed unless it is made clearly to appear that it could not have been based upon the evidence, but must have been the result of caprice, passion or prejudice."

The rule is, that although a verdict may seem excessive, it will never be disturbed on that ground alone, unless it is made to appear that it is so excessive as to lead to the belief that it is the result of passion or prejudice. Viewed in this light, it certainly can not be said that the verdict in the case under consideration should be disturbed.

Judgment affirmed.