## Crane, et al. v. Hall, et al.

(Decided October 1, 1915.)

### Appeal from Floyd Circuit Court.

1. Partnership — Action Against Non-Resident Partnership — How Service of Process on May Be Made.—In an action against a partnership doing business in this State, all the members of which are non-residents of the State and absent therefrom, service of summons upon an agent of the partnership in charge of its business in this State, in the county where the business is carried on, or in the county where the cause of action occurred, will give the court jurisdiction. It is not material that the agent upon whom the service is had is only temporarily in charge of the business of the partnership in such county in the absence therefrom of a general manager or superior agent of the partnership.

2. Continuance—When Refusal of By Trial Court Will Not Be Regarded By Appellate Court an Abuse of Discretion.—Where, upon a motion for the continuance of a case, or postponement of the trial, the adverse party consents "that, on the trial, the affidavit therefor shall be read as the deposition of the absent witness" or witnesses, the refusal by the trial court of the continuance or postponement will not be regarded an abuse of discretion, in the absence of a showing by the affidavit of the party and a written statement of his attorney, that the testimony of the absent witness or witnesses is important and that the just and proper effect of such testimony cannot, in a reasonable degree, be obtained without an oral examination of such witness or witnesses in court.

3. Trial—Peremptory Instruction—When Refusal of Not Error.—The refusal of a peremptory instruction directing a verdict for the

defendant is not error, unless there is an absence of evidence to support the plaintiff's cause of action.

4. Damages—Action for Overflow of Land Caused by Negligent Use of Stream in Floating Logs—Measure of Damages.—Where, in an action to recover damages for the overflow of and injury to the plaintiff's land from the negligent use of a creek by the defendant in the operation of dams obstructing the stream, and in the manner of floating logs thereon, the parties by the pleadings and proof treat the dams causing, in the main, the injury complained of, as permanent structures and the injury final, and elect to make the recovery suffice for all damages sustained, and that may in the future result to the plaintiff's land therefrom, the measure of damages is the difference in the vendible value of the plaintiff's land just before and immediately after its overflow.

SMITH & COMBS for appellants.

MAY & MAY for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellees, E. V. Hall and others, are the owners of a three hundred acre tract of land situated on both sides of the left fork of Beaver Creek in Floyd County, near and below Fraziers Creek, to which they acquired title as the widow and children of Benjamin Hall, deceased. This action was brought by them against the appellants, C. C. Crane and J. O. Cole, partners doing business as Crane & Cole, to recover damages, in the sum of $1,000.00, for injuries resulting to the above-mentioned land by overflows from the waters of Beaver Creek, caused, as alleged, by the negligent acts of the appellants in floating logs, in the purchasing and marketing of which they were engaged.

The answer of the appellants traversed the averments of the petition and, in addition, alleged that such overflows as resulted to appellees' land were caused by the negligence of appellees in permitting to stand on the banks of the creek and on their land trees which caught appellants' logs as they were being floated down the stream and caused them to form gorges in the creek, followed by the overflows complained of; and that if appellees were damaged thereby, which was denied, such damages were caused by their own negligence, but for which the injuries complained of would not have occurred; moreover, that by their negligence in obstructing the stream in the manner indicated and the floating of logs thereon by appellants, appellees compelled appel-

lants to expend considerable sums of money in breaking the gorges and securing their logs, whereby they were damaged in the sum of $500.00, for the recovery of which the answer was made a counterclaim. The affirmative matter of the answer was controverted by reply.

On the trial the jury returned a verdict in favor of appellees for $700.00 damages. Appellants, complaining of the judgment and refusal of the circuit court to grant them a new trial, prosecute this appeal.

The grounds urged for a reversal are that the trial court erred: (1) In overruling appellants' motion to quash the summons and return thereon; (2) In refusing their motion to postpone the trial of the case three days in order that they might obtain the personal attendance of certain witnesses whose names, as well as the facts to which they would testify, were set forth in an affidavit filed in support of the motion; (3) In admitting incompetent evidence; (4) In refusing a peremptory instruction directing a verdict for the appellants; (5) In instructing the jury as to the measure of damages.

With reference to the first contention it is proper to say it is admitted that the appellants are both non-residents of this State, Crane being a resident of Cincinnati, Ohio, and Cole of Peru, Indiana. The sheriff's return on the summons shows the service of the process upon Wayne Lowe, as agent for the appellants, "they being non-residents and absent from Floyd County and the said Wayne Lowe being in charge of the business of the defendants and the person superior in authority over said business to any other person found in Floyd County."

Section 51, Sub-section 6, Civil Code, provides:

"In actions against an individual residing in another state, or a partnership, association, or joint stock company, the members of which reside in another state, engaged in business in this state, the summons may be served on the manager, or agent of, or person in charge of, such business in this state, in the county where the business is carried on, or in the county where the cause of action occurred."

It is conceded that the business in which appellants were engaged was being conducted in Floyd County, this state, and as appellees' land, alleged to have been injured by appellants, lies in Floyd County, it is manifest that their cause of action occurred in that county. In Guenther v. American Steel Hoop Co., 116 Ky., 580, the

defendant was a non-resident of the state, and service of summons, as shown by the sheriff's return, was had upon John S. Wright, "manager for said defendant, Harry Guenther, and in charge of said defendant's business in Owensboro, Kentucky." There was, as in this case, a motion to quash the return, which was overruled. On appeal this ruling was complained of and the constitutionality of Sub-section 6, Section 51, Civil Code, attacked, but the constitutionality of the statute was upheld and the complaint of the insufficiency of the return on the summons overruled. With respect to the latter contention it is in the opinion, in part, said:

"It is insisted that the statute was intended to apply to non-resident firms, associations, or joint stock companies engaged in business in this State, when all of the members reside in another State, and no more. But the first words of the section are, 'In actions against an individual residing in another State.' Where the business is done in this State by persons not residing here, but engaging in business here, the mischief intended to be remedied by the statute does not depend upon the number of persons running the business. The purpose of the statute is to afford some means of serving process upon this class of persons who engage in business in this State, carrying it on through agents having charge of the business, and not directing it in person. Both the language of the statute and its evident purpose cover this case, as the defendant carries on a manufacturer's business in Owensboro. It is also objected that it was not shown (by the return) that the defendant was absent from the State when the process was served on his agent, and, as it has been the policy of the State to require personal service, this must be shown. But the statute does not so provide. It is not presumed that a non-resident of the State is in the State. If the defendant desired to raise this question, he should have shown the fact. This he did not do."

It appears from the affidavits filed by appellants in support of their motion to quash the return on the summons, that one Charles Barrett was in charge, as manager, of their business of logging on the left fork of Beaver Creek in Floyd County at the time of the service of the process in question, but it also appears from proof on the motion furnished by affidavits on the part of appellees, which does not appear to be contradicted by that

of appellants, that Wayne Low, the person upon whom the return shows service of the summons was had, was, at the time of such service, the assistant of Barrett and then in actual control of appellants' business, as Barrett was in Pike County in charge of other operations of appellants and had left Lowe in charge of their logging operations in Floyd County. In other words, it is fairly apparent from the evidence as a whole, heard on the motion, that Lowe, upon whom the summons was served, was at the time of the service of the summons *the agent, or person in charge of appellants' business in this State in the county where the business was carried on and where the cause of action occurred.* In Johnson v. Westerfield's Admr. etc., 143 Ky., 10, a service of process made as in this case was upheld. It follows from what has been said that the overruling of appellants' motion to quash the summons and return in this case was not error.

Appellants complaint of the circuit court's refusal to pass the trial of the case three days is, in our opinion, without merit. There can be no doubt of the materiality of the evidence of each of the several witnesses on account of whose absence the indicated delay was asked. But section 315, Civil Code, which states the grounds upon which a trial may be postponed and which provides that the motion for the postponement must be based upon an affidavit, and what it must show, contains this further provision:

"If, thereupon, the adverse party will consent that, on the trial, the affidavit shall be read as the deposition of the absent witness, the trial shall not be postponed on account of his absence."

It appears from the record that appellee agreed that the statements of the affidavit filed in support of appellants' motion for the postponement might be read to the jury as the deposition of the absent witnesses, and this was permitted by the court on the trial. It does not appear from the affidavit in support of the motion for a postponement of the trial, nor was there a written statement filed by their counsel, in accordance with the provisions of section 556, Civil Code, showing that the just and proper effect of the testimony of the absent witnesses could not in a reasonable degree be obtained without an oral examination of them in court; and though appellants' counsel appear to have asked an order for the attendance of the witnesses such request was properly re-

fused, in view of their 'failure to comply with the requirements of the provisions of the section of the Code, *supra*. That section provides:

"Upon the affidavit of a party, and the written statement of his attorney, that the testimony of a witness is important, and that the just and proper effect of his testimony can not in a reasonable degree be obtained without an oral examination in court, the court may, at its discretion, order the personal attendance of the witness to be coerced, although such witness may otherwise be exempt from personal attendance by the provisions of this Code."

In addition to what has been said, it is doubtful whether appellants were duly diligent in attempting to procure the attendance of the witnesses in question. It is true they appear to have been subpoenaed, but as they were each in the employ of appellants and, therefore, under their control, under such circumstances it hardly lies in the mouth of their counsel to say that the exercise of reasonable diligence would not have secured their attendance on the day the case was set for trial. Besides, when the continuance of a case is sought, or postponement of a trial asked, because of the absence of a witness or witnesses whose personal attendance is desired, the granting of the request is in the discretion of the court. Such discretion is conferred by sections 315-556 of the Code. L. & N. R. R. Co. v. Bishop, 28 R., 321; Holzhauer v. Sheeney, 127 Ky., 28; Hutton v. First National Bank, 20 R., 225. In view of the situation here presented, we are unwilling to say that the refusal of the circuit court to postpone the trial for the time requested was an abuse of discretion.

Appellants' third contention, which relates to the alleged admission of incompetent evidence, is without substantial support from the record. If the trial court was right in ruling that the recovery sought by appellees should be confined to the damages that might be awarded them by the jury in this case, and no future recoveries for recurring overflows of and injuries to their land from the same cause could be had against appellants, the evidence complained of, with a single immaterial exception, was not incompetent. The evidence in question was directed to a showing of the difference in the market value of the land before and after the injuries caused thereto by the overflow complained of, practically all of appel-

lees' witnesses testifying that such difference was as much as $1,000.00. In other words, that the injury caused by the overflow depreciated the market value of the land that much and to that amount. It is true some of these witnesses improperly stated that the land of appellees denuded of soil by the overflow was worth $500.00 per acre; but each of them seemed to have been admonished by the court to confine his testimony to the difference in the market value, if any, before and after the overflow, which was in effect done. Therefore, the occasional incompetent statements made by some of them as to the value per acre of so much of the land as was denuded of its soil, notwithstanding its incompetency, could not have been prejudicial to appellants.

No reason is apparent for sustaining appellants' fourth ground of complaint, relating to the trial court's refusal of the peremptory instruction asked by them. A peremptory instruction directing a verdict for the defendant is only authorized where there is an absence of any evidence to support the plaintiff's cause of action. Here there was abundant evidence, the weight of it being to the effect that appellants owned four dams on the left fork of Beaver creek above appellees' land, two of which they constructed and the other two they acquired by purchase from the Catlettsburg Lumber Company. The dams stretch entirely across the creek, are about fourteen feet in height and constructed of pens of heavy timbers and upright timbers of great size and weight. In the center of each dam is a flood gate thirty-five or forty feet in width, through which the water may be permitted to escape. Telephones are maintained at these dams by which the persons in charge of the dams can communicate with each other and be instructed as to the time of opening the dam gates. Appellants purchased large tracts of timber on Beaver and Frazier creeks, from which they cut and placed in Beaver Creek about fifteen thousand logs to be floated to market. In the meantime, the waters of the creek, owing to the obstructing of their flood by the four dams, had accumulated pools of great depth. In order to float out the fifteen thousand logs that appellants had placed in the creek the flood gates of the several dams were so opened as to release the great pools above and thereby create a flood of water, which, augmented by the great number of floating logs and the gorges they formed, became so great a

torrent as to overflow and sweep the soil from appellees' land, across the bottom, from fifty to one hundred and fifty feet in width and a depth of five to ten feet, to its great and irreparable injury. The soil washed from appellees' land by this overflow from the creek was exceedingly fertile and productive, but without this soil the ground from which it was washed is but a gravel or rock bed, wholly unproductive and valueless.

The evidence introduced in appellants' behalf did not materially contradict that of appellees as to the character and extent of the injury to the latter's land, but tended to support their own defense that such injury resulted, not from the operation of the dams, but from the gorging of the logs in the creek by trees and other natural objects along the banks which appellees might have removed, but failed to remove. Appellees were under no duty to remove such natural objects, or to anticipate that appellants' employes would so negligently overfill the creek with logs or operate their dams as to cause the stream to overflow in the extraordinary manner shown by the evidence. In other words, the conditions were not such as to require appellees to do anything to minimize the damages resulting to their lands from the acts of appellants' servants. M. H. & E. R. Co. v. Cates, 138 Ky., 257. It will thus be seen that appellees' claim to damages was supported by evidence, which authorized a verdict in some amount.

In this connection it should be said that the counter-claim of appellants is wholly without merit. It is fairly manifest from the evidence that the expenses they claimed to have incurred in ungorging and saving their logs resulted from no obstruction of the creek or logs by appellees, but from their own negligent manner of operating the dams and floating the logs.

Appellants' complaint of the instruction on the measure of damages cannot be sustained. The parties here by the pleadings and proof have treated the dams causing, in the main, the injuries complained of, as permanent structures and the injury final, and elected to make the recovery sought in this case suffice for all damages sustained, or that may in the future result to appellees' land. This being true, it is immaterial whether the structures are permanent or not and that matter cannot now be made a subject of inquiry. So the measure of damages is, as the jury were instructed, the difference

in the vendible value of appellees' land just before and immediately after its overflow. C. & O. Ry. Co. v. Robins, 154 Ky., 387; C. & O. Ry. Co. v. Stein, 142 Ky., 520; M. H. & E. R. Co. v. Wier, 144 Ky., 206; Central Consumers Co. v. Pinkert, 122 Ky., 720.

The instructions as a whole are substantially correct. The verdict is liberal in amount, but cannot be said to be excessive; and no error prejudicial to the substantial rights of appellants being shown by the record, the judgment is affirmed.