## Terrell v. Flack's Administrator.

(Decided December 5, 1930.)

326

'M. C. ANDERSON and JOHN M. MONROE for appellant.

HENRY F. TURNER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

On December 17, 1925, Mrs. Mary Frances Flack, the wife of J. R. Flack, was stricken with paralysis, and the persons undressing her found a small sack suspended around her neck by a chain with $2,000 in it. She died without regaining consciousness. They took the bag to her husband, J. R. Flack; he said that it was his wife's money; that he had not had any for years; that he had spent all he had, and was dependent on his wife for a living. On the same day J. R. Flack purchased a draft at the Bank of Barlow for $2,000, drawn on a bank at Cairo, Ill., and paid for it in cash. This draft was deposited in his name in the Bank of La Center. He was then about ninety years old. On December 18, the day after his wife died, he made a will leaving all he had to his daughter, Mrs. C. E. Nave. Some months after this he moved to the house of D. D. Terrell, and there he made a will giving everything he had to D. D. Terrell. He had drawn out of the bank from time to time small amounts, and in December, 1927, there remained in the bank a fund of only $1,400, and this account, at the order of J. R. Flack, was turned over to D. D. Terrell. In other words, Flack's account was closed. The money was placed to the credit of Terrell. In the spring of 1928,

Flack died. The county court refused to probate either of the wills above referred to. Terrell appealed. While this appeal was pending, C. E. Nave, who had qualified as the administrator of Mrs. Flack's estate, brought this action against Terrell to recover one-half of $2,000, on the ground that at Mrs. Flack's death her husband was entitled to one-half of her personal estate, and that he had no right to the other half of the $2,000. Issues were made up, and on final hearing the jury found for the plaintiff. The court entered judgment on the verdict, and the defendant appeals.

The first ground of reversal is that the court erred in refusing a continuance of the case. The action had been pending for more than a year. Terrell had been operated on in the spring, and the case had been passed at that term. When it came on for trial in August, he filed an affidavit supported by his physician to the effect that he was in bad health, and that any excitement would be dangerous to him, but he did go through the trial without any trouble, so far as appears, and he was personally in court. On matters of this sort the circuit court has a discretion, which will not be disturbed here unless abused. Under all the facts the court is unable to see that there was any abuse of discretion in overruling the motion for a continuance. The affidavit was read as the depositions of the absent witnesses, and, as they were out of the state, the depositions were all that the defendant would likely have ever had. On the motion for a new trial, there was no showing that on another trial other facts could be proved or the defendant's case better presented than it had been on the trial, or that the defendant's condition had in any way prevented the proper presentation of his case before the jury.

The fact that an appeal from the judgment refusing to probate the paper offered as the last will of J. R. Flack was pending when this case was called for trial was no reason for continuing this case. His will, if probated, could only affect his estate. It could not affect property which had not vested in him but belonged to his wife.

Another ground of reversal is that the court erred in the admission of testimony. While the court at first did overrule the objection to Mrs. Nave's testimony, he did later sustain the objection, and admonished the jury not to consider her testimony. We must assume that the jury obeyed the instruction of the court. The two daughters of Mrs. Nave, who were present and testified,

were competent witnesses. They had no present interest in the matter, and were not testifying for themselves. Hicks v. Oak's Adm'r, 233 Ky. 27, 24 S. W. (2d) 917.

The deputy county clerk was introduced, who brought in the deed books from the county clerk's office and identified them, and she stated that on a certain page of the book there was a deed from Mary Frances Flack for a certain piece of land for $2,000, dated October 15, 1920. After this are these words: "Objections overruled." She also stated that in Book 32, p. 563, there was a deed from Mary Frances Flack dated October 31, 1921, to Birney Terrell for $700. Also that in Deed Book 2, p. 14, there was a deed from S. B. Pollick to Mary Frances Flack for this land. After this are these words: "Motion to consider the deed objected to, overruled." While it is true that the county clerk should not have been permitted to state to the jury what the deeds showed, but should have read the deeds to the jury, the court is unable to see that there was any real prejudice to the defendant's rights by this omission. The deeds were there. He could have had them read if he had wished it. The objection made here is purely technical. The record does not show what was the ground of his objection, and no doubt, if he had stated the ground of his objection, the court would have ordered the deeds read. But, aside from this, the evidence was undisputed that the $2,000 was found in the bag under the clothing of the insensible woman and that J. R. Flack, when the bag was brought to him, admitted that it was his wife's money and that he had nothing. This evidence was not only not contradicted, but all the other evidence in the case tended to sustain it. The court is unable, therefore, to see that the verdict of the jury should be disturbed, because these deeds were not read to the jury as they should have been; no doubt the record was made as it was to save time on the jury trial.

It is earnestly insisted that Terrell had no knowledge or information that the certificate of deposit transferred to him represented money belonging to Mary Frances Flack. There was no definite evidence to this effect, but there were circumstances from which the jury might infer this, and the rule of the court is that the question is for the jury, if there is any evidence. The money had not lost its identity; for, as J. R. Flack had no money on December 17, 1925, when his wife died, and on that day took $2,000 to the bank and bought the draft, as

above stated, it must be presumed that the $2,000 he took to the bank was the $2,000 he had gotten that day out of the bag which was taken from his wife's neck and was her money, as he then stated.

There is proof that, after the sale of the land, the husband deposited in bank, in his own name, about the amount of money the land brought and checked on it. But, after all this, the $2,000 was found in the bag under her clothes, fastened to her neck by a chain, when she became unconscious, and the husband admitted then that this was her money. Being then her money, though it passed into his possession, it continued her money until she died, and at her death her husband had at least no right to more than half of it. She left no debts and died intestate. He was without power to give to appellant the property of others.

On the whole case, the court concludes that the judgment is right and should not be disturbed.

Judgment affirmed.