## American Mutual Liability Insurance Company v. Hartman.

(Decided June 6, 1934.)

BLAKEY, DAVIS & LEWIS for appellant.
LAWRENCE S. GRAUMAN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Frank Hartman, a resident of the city of Louisville, Ky., on March 21, 1930, while riding with Grace Kuhn in his automobile had an accident which resulted in her sustaining an injury.

It is agreed that at that time he had a policy of liability insurance with the American Mutual Liability Insurance Company containing, inter alia, these provisions:

"J—Insured shall give written notice to the company, as soon as reasonably possible, of each accident, alleged accident, and claim made in respect thereto, and upon request, shall render every assistance and cooperate in his power in the investigations of accidents and alleged accidents, and in the settlements and defenses of claims and suits. Immediate written notice given by or on behalf of insured to any authorized representative of the

company, with particulars sufficient to identify assured, shall be deemed notice to the company.

"K—Insured shall not, as respects any accident which is the subject of this insurance, pay or settle any claim, incur any expenses, voluntarily assume any liability, nor interfere in negotiations for settlement, or in legal proceedings, without the previous written consent of the company. * * *

"M—No action on the policy shall be maintainable by the insured unless all policy requirements have been complied with. * * *."

Grace Kuhn later filed in the Jefferson circuit court a suit against Hartman to recover for her injuries, which resulted in a verdict in her favor of $1,250. Hartman brought this action against the American Mutual Liability Insurance Company to recover the amount of her judgment and the expenses incident to her suit and his attorneys' fees expended therein.

The American Mutual Liability Insurance Company, in its answer, set up the quoted provisions of its policy and facts showing Hartman had failed to comply with them, in that he failed to give it notice of the accident and also settled his liability with Grace Kuhn without its knowledge and consent. Hartman's reply traversed the affirmative averments of the answer. On a trial before a jury a verdict was returned in favor of Hartman for $1,762.10.

On this appeal the insurance company insists the trial court erred in refusing to grant a continuance when the case was called for trial on May 17th; in refusing to permit the affidavit of W. F. Pierson containing the testimony of an absent witness to be read as evidence; in overruling its motion for a peremptory instruction at the conclusion of Hartman's testimony, and also at the conclusion of all the testimony; in the giving and refusing instructions to the jury; in overruling its objections to certain improper and prejudicial statements made by counsel of Hartman in his closing argument; and in refusing to grant a new trial on the ground the verdict was not sustained by sufficient evidence.

Hartman's action was filed August 22, 1931. The answer of the insurance company was filed February 5, and Hartman's reply on February 25, 1932. An order assigning the action for trial to April 24, 1933, was

entered on the 25th day of February, 1933. On the 24th day of April an order was entered reassigning it to April 27, 1933, for trial. On the 27th day of April, 1933, an order was entered passing the case to May 17, 1933, for trial. The trial in which the judgment was entered was commenced on May 17, 1933.

On the calling of the case on May 17th for trial, the insurance company entered a motion for a continuance, supported by the affidavits of W. F. Pierson and Mortimer Viser. The court overruled the motion and refused to permit the affidavit of Pierson containing the testimony of Grace Kuhn to be read as her deposition.

The affidavits of Pierson and Viser do not disclose the whereabouts of the witness, whether she resided in the state of Kentucky, within or beyond twenty miles of the courthouse in which the trial was to be held. They show that no effort was made before the calling of the case to ascertain or know whether she was within or without the jurisdiction of the court.

The orders of the court show the case had been set for trial, passed and reassigned, as we have indicated above, and the only show of diligence on the part of the insurance company to obtain the personal presence of the witness was the mere act of issuing the subpœna on the 10th day of May and the return thereof by the sheriff, on the 16th day of May. In fact, so far as the affidavits disclose, although issued on the 10th day of May and returned "not found" on the 16th, it was not in fact delivered to the sheriff for execution until immediately before he made his return. There is no statement in either affidavit that the just and proper effect of the witness' testimony cannot in a reasonable degree be obtained without an oral examination in court and that her personal attendance as a witness was required.

It is an accepted rule of practice when a continuance is sought because of the absence of a witness, or because his testimony is important and its just and proper effect cannot in a reasonable degree be obtained without his personal attendance, the granting the request is in the discretion of the court. Crane et al. v. Hall et al., 165 Ky. 827, 178 S. W. 1096. And a party is not entitled to a continuance on account of an absent witness who cannot be required to attend. City of Pineville v. Lawson, 225 Ky. 542, 9 S. W. (2d) 517. A witness cannot be compelled to attend a trial of a civil

action if he resides more than twenty miles from where the court sits (section 534, Civil Code of Practice); if he resides more than twenty miles from the place where the court sits, a party desiring his testimony must take his deposition unless an order for his personal attendance is obtained as provided by section 556, Civil Code of Practice. It is not an error to refuse the postponement of a trial in order to procure the personal attendance of a witness where the movant has not complied with this section, showing the necessity of the personal attendance of the witness. Crane et al. v. Hall et al., supra.

The issues herein had been made up for some time before the day of the trial; the action had been set for trial and reassigned, by the orders of the court, with no effort, so far as the affidavits in support of the motion for continuance show, made by the insurance company to ascertain the whereabouts of the witness, or to secure her personal attendance or take her deposition. It is an inflexible rule to support a motion for continuance for the absence of a witness, authorized by section 315, Civil Code of Practice, the party applying therefor must show diligence in his efforts to secure the attendance of the witness. Louisville & N. R. R. Co. v. Bryant, 142 Ky. 159, 134 S. W. 182; Collinger v. Callahan, 204 Ky. 33, 263 S. W. 700. The refusal of a continuance and a refusal to permit the reading of the affidavit setting out the witness' testimony is not abuse of a sound discretion of the trial court, where the party desiring the attendance of the witness had time to prepare for trial and to obtain the testimony of the witness on account of whose absence a continuance is asked. Eversole v. Wilson (Ky.) 123 S. W. 1196; City of Pineville v. Lawson, 225 Ky. 542, 9 S. W. (2d) 517; Lee v. Lee, 226 Ky. 776, 11 S. W. (2d) 956.

To entitle the insurance company to a continuance on account of the absence of the witness Grace Kuhn, it was incumbent upon it to show due diligence to secure her attendance, which duty it failed to discharge. The continuance was properly denied. Thurman v. Virgin, 18 B. Mon. 785. The matter of granting a continuance was within the discretion of the trial court. Big Sandy Bus Line Co. v. Williams, 246 Ky. 758, 56 S. W. (2d) 346; Terrell v. Flack's Adm'r, 236 Ky. 325, 33 S. W. (2d) 23.

On the facts presented by the record we are not

convinced the court erred in overruling a motion to continue and in refusing to permit the affidavit to be read in the deposition of the witness.

As a matter of convenience and because of the interrelated questions, we shall consider together the motion for a peremptory instruction and the ground the verdict is not sustained by the evidence.

The accident in which Grace Kuhn sustained her injuries occurred on March 21, 1930. According to the testimony in behalf of Hartman, on the next morning the office of the American Mutual Liability Insurance Company was called by the bookkeeper and stenographer of Hartman and informed of the accident, and blanks were requested by her for the purpose of Hartman making a report of the accident to the insurance company. The next morning the blanks were received from the insurance company, filled out, containing the information called for, inclosed in an envelope, sealed, properly stamped, addressed, and mailed to the insurance company. Several days later two representatives of the insurance company came to the place of business of Hartman, where they obtained from him a written statement fully explaining how the accident happened and the injuries sustained by Grace Kuhn.

The employees of the insurance company deny information was received at the office of the company that the accident had happened until the 15th day of April. They deny blanks were called for by Hartman's bookkeeper and stenographer, mailed to him or her, and also deny the blanks were filled out, mailed to, and received by the insurance company.

Considering, without determining, that the failure of Hartman to give notice to the insurance company of the happening of the accident, from the 21st day of March until the 15th day of April, was a noncompliance with the provisions of the policy respecting the giving notice as therein provided, with the evidence of the parties conflicting as to this issue, the question was one to be determined by the jury under appropriate instructions.

In his statement to the insurance company, as it was obtained by its representatives on April 15th, Hartman declared he had entered into a settlement with Grace Kuhn and had fully paid her the agreed consider-

ation of the settlement; also, that he did not report the accident to the insurance company because he had settled with her. On May 7, 1930, Hartman gave his deposition in which he testified in this respect to substantially the same facts as those obtained from him by the representations of the insurance company, wherein he declared he had settled with, and paid, Grace Kuhn the agreed consideration of the settlement and that he had not given any notice to the insurance company of the happening of the accident prior to April 15th, the day he delivered a written statement signed by himself to the agent. Both in his statement to the agent and in his deposition he stated the settlement with Grace Kuhn was made by him in the presence of Thomas J. Dunn. The insurance company secured, on the 15th day of April, a written statement of Dunn showing he was present and witnessed the settlement of Hartman and Grace Kuhn.

On the 17th day of April, 1930, within two days after Hartman delivered the written statement to the agent, alluded to above, Grace Kuhn filed the suit against him in the Jefferson circuit court in which she recovered the $1,250.

In his testimony Hartman unequivocally denied he had made, at any time, the settlement with Grace Kuhn and upon which the insurance company based its chief defense. With like positiveness he denied he had made the statement to the agent on April 15th, as contained in the writing produced, purporting to have been signed by Hartman. His avoidance of the statement made in his deposition was a denial, accompanied with the explanation that he was intoxicated at the time he gave it. Thomas J. Dunn, in his testimony, denied making the statement contained in a writing produced, purporting to have been signed by him and delivered to the ε gents of the insurance company.

With the testimony of Hartman and his bookkeeper and stenographer relating to the giving of the notice of the accident and of Hartman and Dunn positively denying the alleged settlement with Grace Kuhn, though contradicted by the written statements of Hartman and Dunn, and the deposition of Hartman, was sufficient not only to authorize the submission of the case to the jury, but adequate to sustain its verdict. On this conflicting evidence it was for the jury to say whether it believed

Hartman, Dunn, and the bookkeeper and stenographer told the truth in their testimony, or whether the written statements of Hartman and Dunn or the deposition of Hartman were the truth. So even, under such circumstances, the motion for a peremptory instruction was properly overruled and the case submitted to the jury. Staples v. Continental Ins. Co. of New York, 223 Ky. 842, 5 S. W. (2d) 265; Canewood Oil Co. v. Cox, 250 Ky. 800, 63 S. W. (2d) 945.

In such a state of case, a finding in favor of Hartman cannot be said to be flagrantly against the evidence, for under a familiar law, the jury had the right to believe the testimony of the witnesses as it was given by them while on the witness stand, despite their previous written statements, whether in one form or another.

The brief of the insurance company contains this statement: "The instructions given by the court to the jury are erroneous in form." This statement impliedly admits the instructions are correct in principle. In this view we concur, and not being erroneous in presenting the theories of the parties, the defect in form is no ground of reversal.

In his argument to the jury, counsel of Hartman made these statements: "How were they prejudiced? Oh! Mr. Viser made a very impassioned appeal, but I want to ask this jury one thing: What did Frank Hartman do which prejudiced the insurance company in this case?" "Again, I say to you, what harm was done to this insurance company from all this proof here?" The insurance company entertained the view that Hartman failed to report the happening of the accident from March 21st until April 15th, and had made a settlement with Grace Kuhn without notice to it, and thereby had not complied with the terms of the policy, and therefore the objectionable argument of Hartman's counsel was prejudicial. Accepting this extreme view of the insurance company, which disregards entirely the evidence in behalf of Hartman, there was a noncompliance with the provisions of the policy, rendering the objectionable argument unauthorized by the evidence. Counsel of Hartman, when making the statements to the jury, was entitled to argue that according to Hartman's testimony, nothing had been done by him to prejudice the insurance company. That this was the view actually expressed by counsel of Hartman is manifested by his

own language: "Again I say to you, what harm was done to this insurance company from all this proof?" We know of no rule of practice, and no case sustaining it has been called to our attention, forbidding counsel in his argument to call the attention of the jury to "all the proof here," which are the words of counsel. Viewing the entire statement of counsel of Hartman of which complaint is made, this was in effect his statement to the jury.

To sustain its insistence that the argument of Hartman's counsel was prejudicial to its rights, the insurance company cites us to American Auto. Ins. Co. v. Fid. & Cas. Co., 159 Md. 631, 152 A. 523; Jefferson Realty Co. v. Employers' Liability Assur. Corp., 149 Ky. 741, 149 S. W. 1011. The principles stated in those cases must be considered in relation to the facts involved therein. An examination of those cases discloses counsels' argument therein was neither comparable nor analogous to that in the present one.

The jury had before it the testimony of Hartman, his witnesses, and also their written statements and the deposition of Hartman given on May 7, 1930, which, if accepted by the jury, rendered their testimony of but little weight, if of no value. The power is not vested in this court in such circumstances to disregard the verdict of the jury and award a new trial, however much we might be convinced, if the facts were submitted to us, we would reach a different conclusion.

Perceiving no prejudicial error, the judgment is affirmed.