## Hale v. Dunn.

February 11, 1949.

Rehearing denied May 3, 1949.

Boyd & Boyd for appellant.

Wells Overby for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

Appellee wrecked his automobile and suffered personal injuries as a result of a near collision with a truck owned and operated by appellant. A jury returned a verdict for appellee in the sum of $700. Several objections to the judgment based on this verdict will be briefly discussed after a statement of facts.

The accident occurred on the morning of November 30, 1947 about 10:00 a. m., near Murray. Appellee was driving a new Chevrolet automobile on Kentucky Highway No. 94, which is 18 feet wide and paved. Appellant's truck was stopped off the highway on the left hand side as appellee approached. Some 60 feet beyond the truck on appellee's right hand side was a parked automobile, partly on the paved portion of the road. All three vehicles were headed in the same direction.

As appellee approached at a speed of about 40 miles an hour, appellant started to drive onto the highway. Immediately appellee applied his brakes, lost control of his car, attempted to swing right into a small side road behind the parked automobile, and turned over in a field. Appellee struck neither appellant's truck nor the parked automobile.

Appellant's first contention is that plaintiff's petition did not state a cause of action, and a general demurrer thereto should have been sustained. The petition states: "while plaintiff was driving his 1947 Chevrolet automobile in a northeasterly direction, and while the defendant, at the same time and place, was driving his automobile from the left side of said highway toward the

right hand side of such highway (almost at right angles with said highway), the defendant operated his automobile with such negligence and carelessness as to cause plaintiff to drive his automobile off of said highway, * * * ."

Appellant argues the allegations of the petition should have been more specific as to the precise negligence complained of. This is a unique contention since the true facts are accurately stated and a general charge or allegation of negligence is sufficient. City of Marion v. Nunn et al., 292 Ky. 251, 166 S.W.2d 298; Nelson's Adm'x v. Southern Ry. Co., 302 Ky. 243, 194 S.W.2d 518. Appellee's pleading clearly stated a cause of action.

Appellant next contends he was entitled to a peremptory instruction because the evidence did not show any negligence on his part. Appellee and a passenger in the automobile with him both testified in substance that appellant "cut" his truck directly across the road in front of appellee's car without warning. Appellant himself admitted he had started the motor in his truck, and without giving any signal, was proceeding to drive onto the paved portion of the highway when he heard appellee apply his brakes and saw him start skidding down the road. There was ample evidence the movement of appellant's truck created a potential danger to appellee. In attempting to avoid what appeared to be an impending collision, he ran off the road. The fact that he struck neither appellant's truck nor the other parked automobile does not free appellant from the charge of negligence.

It is true the jury might have determined that appellee's speed was the principal or contributing cause of this accident. However, there was abundant evidence to establish appellant's negligence in creating the initial hazard. His argument that the res ipsa loquitur doctrine applies, and that the sole cause of the accident was appellee's improper operation of his automobile does not merit discussion in view of the facts shown by the evidence.

Appellant's final contention is that the instructions given to the jury did not sufficiently define appellee's duties. We have carefully considered these instructions,

and they adequately presented the proper issues to the jury.

For the reasons stated, the judgment is affirmed.