Thomas L. WOOLDRIDGE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 26, 1970.

Rehearing Denied Dec. 4, 1970.

Cabell D. Francis, Ben K. Wilmot, Stanford, for appellant.

John B. Breckinridge, Atty. Gen., Joseph L. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was convicted of possessing burglary tools and damaging property. He was sentenced to five years in the penitentiary and fined $500. He presents several grounds for reversal which will be taken up after a brief statement of the facts.

At 3:00 o'clock one morning the owner of a motel observed appellant in a public telephone booth located on the motel premises. He appeared to be tampering with the phone box and was using a ratchet-like tool. When the motel owner made inquiry, appellant informed him that he was trying to call his wife. When he departed in an automobile the license number was taken and the police were called. Later that morning appellant was arrested, and later in the day his automobile was searched under a search warrant. Tools were found which could be used for burglarizing purposes and also there was found a bag containing change in the amount of $123.

Appellant's first claim of error is that the court erroneously denied him a continuance because of the absence of a witness. This witness was in the United States penitentiary in Indiana. When he was incarcerated there is not shown. It does not appear that appellant sought to procure his attendance under KRS 421.250, nor did appellant make an attempt to take his deposition. We do not believe the trial judge abused his discretion in view of the lack of diligence on appellant's part. See American Mutual Liability Ins. Co. v. Hartman, 254 Ky. 712, 72 S.W.2d 429 (1934), and McCloud v. Commonwealth, Ky., 333 S.W.2d 264 (1960). In any event, it does not appear the absence of this witness was prejudicial. He accompanied appellant in the automobile and his testimony would have been that the parties stopped at the motel for the purpose of making a long-distance telephone call. The motel owner testified that appellant had stated he was trying to make a telephone call. This additional bit of cumulative evidence could scarcely have had significance. We find no abuse of discretion.

It is next contended the trial court erred in selecting the last juror. After 11 jurors had been seated the panel was exhausted and the court drew only one name from the jury wheel. In Brock v. Commonwealth, Ky., 430 S.W.2d 333 (1968), we held that under KRS 29.280 and RCr 9.30 the proper procedure would have been to draw two. However, appellant made his objection by moving "to discharge the entire panel". The court's procedure was not a ground for discharging the entire panel and that motion was properly overruled. Thereafter appellant accepted this last juror and we do not believe he can now assert reversible error when the court properly overruled the only motion he made.

It is next contended the search of appellant's car was illegal because it was made several hours after it was taken from appellant's possession. He cites a number of cases wherein we have held that a search of an automobile *without* a warrant is illegal if made any substantial time after the owner is separated from it because such a search must be as an incident to an arrest and in the "immediate presence" of the person arrested. Here the search was made pursuant to a valid search warrant. When appellant had last been in his automobile was immaterial with respect to the validity of the search. See United States v. Allen, D.C.Ky., 147 F.Supp. 955 (1957).

It is next contended the court erred in denying appellant the right to cross-examine the sheriff who made the search with respect to a bank deposit book found in the automobile. By avowal it appears that this book was issued for an account in the name of "Tom's Auto Wreckers". We are unable to discern in what respect this passbook had any relevance to the issues on trial. It was not connected up

with anything by any evidence in the case. We find no error here.

■ It is next contended the charge of damaging property should have been dismissed because the condition of the telephone equipment prior to the time appellant allegedly undertook to use it was not shown. It was later found in a damaged condition. In view of the fact that this was a public telephone at a motel, it is extremely likely that if it had been damaged prior to the time appellant was seen tampering with the phone it would have been observed and reported. In adddition, appellant was seen near the telephone with a mechanical tool which could cause the damage. There was certainly sufficient evidence to support a finding that the damage was caused by appellant.

■ It is next contended the court erroneously allowed the introduction in evidence of the telephone equipment allegedly damaged. When it was exhibited it had been taken apart and was not in the condition it was when removed from the motel. The witness who introduced this exhibit explained what had been done to it since its removal. No one intimated that appellant was responsible for the dismantling of the equipment. We find nothing prejudicial to appellant here.

■ It is finally contended the court should not have permitted the introduction in evidence of the bag of coins and other articles found when the search of the automobile was made. It is said that no coins were taken from the telephone box involved, which of course is true. However, this item of evidence was relevant on the issue of what use was made of appellant's tools. Items other than tools may have been irrelevant but appellant does not point out what they were and they could have had no influence on the verdict.

The judgment is affirmed.

All concur.